FRED. G. HERRICK *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

## July 11, 1883.

**Action in this State, under Iowa Statute, for Injuries occasioned in that State by a Fellow-Servant of Plaintiff.** — A cause of action which accrued in the state of Iowa, under a statute of that state which makes every corporation operating a railroad in that state liable for all damages sustained by its employes in consequence of the negligence of other employes of such corporation, when such wrongs are in any manner connected with the use or operation of any railway on or about which they shall be employed, may be maintained and enforced in this state. It is not necessary that the law of the state where the right of action accrued, and the law of the forum where it is sought to be enforced, should concur in holding that the act done gave a right of action. The statute referred to is not against the public policy of the laws of this state, although differing from the common-law rule, which we retain.

**U. S. Constitution—14th Amendment—Equal Protection of the Laws.** Neither does the fact that this statute only applies to corporations operating railroads under it, render it in conflict with the provision of the fourteenth amendment to the federal constitution, that "no state shall deny to any person within its jurisdiction the equal protection of the laws."

Appeal by plaintiff from an order of the district court for Freeborn county, *Farmer*, J., presiding, refusing a new trial.

*Lovely & Morgan*, for appellant.

*J. D. Springer*, for respondent.

It is undoubtedly true, as a general rule, "that wherever, by either the common or statute law of a state, a right of action has become fixed, and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties." To this rule, however, there is an important qualification, supported by an overwhelming weight of authority, viz.: "that to sustain an action for a tort committed abroad, the *lex fori* and the *lex loci delicti* must concur in holding that the act complained of is the subject of legal redress." Wharton on Conflict of Laws, § 478; Cooley on Torts, 472; Rorer on Inter-State Law, 45; *Illinois C. Ry. Co.* v. *Cragin*, 71 Ill.

·177; *Selma, etc., R. Co.* v. *Lacy*, 43 Ga. 461; *McCarthy* v. *Chicago, etc., R. Co.*, 18 Kan. 46; *Richardson* v. *N. Y. C. R. Co.*, 98 Mass. 85; *State* v. *Pittsburgh & C. R. Co.*, 45 Md. 41; *Whitford* v. *Panama R. Co.*, 23 N. Y. 465; *McDonald* v. *Mallory*, 77 N. Y. 546; *Leonard* v. *Columbia Steam Nav. Co.*, 84 N. Y. 48; *Woodward* v. *Michigan, etc., R. Co.*, 10 Ohio St. 121; *Nashville & C. R. Co.* v. *Eakin*, 6 Cold. (Tenn.) 582; *Needham* v. *Grand Trunk Ry. Co.*, 38 Vt. 294; *Anderson* v. *Milwaukee & St. P. Ry. Co.*, 37 Wis. 321; *Bettys* v. *Milwaukee & St. P. Ry. Co.*, 37 Wis. 323; *Chicago, etc., R. Co.* v. *Doyle*, 8 Am. & Eng. R. Cases, 171; *Dennick* v. *Railroad Co.*, 103 U. S. 11. This action is contrary to the policy of this state and cannot be maintained. *Foster* v. *Minn. Cent. Ry. Co.*, 14 Minn. 277, (360;) *Brown* v. *Winona & St. P. R. Co.*, 27 Minn. 162; *Collins* v. *St. Paul & S. C. R. Co.*, 30 Minn. 31.

The Iowa statute does not refer to all persons generally, nor to all public carriers, but only to railroad companies. It therefore contravenes the 14th amendment to the federal constitution. *County of San Mateo* v. *Southern Pacific R. Co.*, 8 Am. & Eng. R. Cases, 1; *S. C.*, 13 Fed. Rep. 722.

MITCHELL, J. The defendant owned and operated a line of railroad from Albert Lea, in this state, to Fort Dodge, in the state of Iowa. The plaintiff entered the service of defendant, in Iowa, as brakeman on one of its trains, to be operated wholly in that state. While coupling cars on his train in the discharge of his duty in that state, plaintiff was injured through the negligence of the engineer in charge of the train, under such circumstances as to give him a right of action under a statute of Iowa, which makes every corporation operating a railway in that state liable for all damages sustained by any person, including employes of such corporation, in consequence of the neglect of agents, or by mismanagement of the engineers or other employes of such corporation, when such wrongs are in any manner connected with the use or operation of any railway on or about which they shall be employed. Code of Iowa, 1873, tit. 10, c. 5, § 1307. This action was brought to recover damages for the personal injury thus sustained in that state. The court below dismissed the action, on the ground that the right of action thus accruing under

the statute of Iowa could only be enforced in that state. The correctness of this ruling is the only question involved in this appeal.

The general rule is that actions for personal torts are transitory in their nature, and may be brought wherever the wrong-doer may be found, and jurisdiction of his person can be obtained. As to torts which give a right of action at common law, this rule has never been questioned, and we do not see why the transitory character of the action, or the jurisdiction of the courts of another state to entertain it, can in any manner be affected by the question whether the right of action is statutory or common-law. In actions *ex contractu* there is no such distinction, and there is no good reason why any different rule should be applied in actions *ex delicto*. Whenever, by either common law or statute, a right of action has become fixed and a legal liabilty incurred, that liability, if the action be transitory, may be enforced, and the right of action pursued, in the courts of any state which can obtain jurisdiction of the defendant, provided it is not against the public policy of the laws of the state where it is sought to be enforced. Of course, statutes that are criminal or penal in their nature will only be enforced in the state which enacted them; but the statute under which this action is brought is neither, being purely one for the reparation of a civil injury.

The statute of another state has, of course, no extraterritorial force, but rights acquired under it will always, in comity, be enforced, if not against the public policy of the laws of the former. In such cases the law of the place where the right was acquired, or the liability was incurred, will govern as to the *right of action;* while all that pertains merely to the *remedy* will be controlled by the law of the state where the action is brought. And we think the principle is the same, whether the right of action be *ex contractu* or *ex delicto*.

The defendant admits the general rule to be as thus stated, but contends that as to statutory actions like the present, it is subject to the qualification that, to sustain the action, the law of the forum and the law of the place where the right of action accrued must concur in holding that the act done gives a right of action. We admit that some text-writers—notably, Rorer on Inter-State Law—seem to lay down this rule, but the authorities cited generally fail to sustain it. We

have examined all the numerous cases cited on this point by defendant, and we find only one which, in our opinion, sustains him, while several are really against him. Most of the cases thus cited belong to one or the other of the two following classes: *First*, cases which hold that statutes giving a right of action for injuries causing the death of another, having no extraterritorial operation, only apply to injuries inflicted in the state which enacted the statute, and not to injuries inflicted or acts done in another state. Such is the case of *Whitford* v. *Panama R. Co.*, 23 N. Y. 465. This undoubtedly is the settled law, but it does not touch the present case. The *second* class consists of cases which hold that where the statute gives such a right of action to the personal representatives of the deceased, it can only be maintained by an administrator or executor appointed and acting under the laws of the state which enacted the statute, taking the ground that this right of action is not a right of property which passes to the estate, but is for the benefit of the family or next of kin of the deceased, and therefore the statute contemplates the exercise of the power and the execution of the trust only by a personal representative appointed under domestic laws. To this class belong the cases of *Richardson* v. *N. Y. Central R. Co.*, 98 Mass. 85, and *Woodward* v. *Michigan, etc., R. Co.*, 10 Ohio St. 121. Some courts refuse to adopt this rule. But this question is not involved in the present case.

A few cases appear to lay some stress upon the fact that the statutes of both states were similar, but rather as evidence of the fact that the statute of the state giving the right of action is not contrary to the policy of the laws of the state where the action is brought. Such is the case of *Chicago, etc., R. Co.* v. *Doyle*, 8 Am. & Eng. R. Cases, 171, in which, after saying that the action may be asserted because of the coincidence of the statutes of the two states, the court add: "And, independently of this, because a right of action created by the statute of another state, of a transitory nature, may be enforced here when it does not conflict with the public policy of this state to permit its enforcement; and our statute is evidence that our policy is favorable to such rights of action instead of being inimical to them." But it by no means follows that, because the statute of one state differs from the law of another state, therefore it would be held

contrary to the policy of the laws of the latter state. Every day our courts are enforcing rights under foreign contracts where the *lex loci contractus* and the *lex fori* are altogether different, and yet we construe these contracts and enforce rights under them according to their force and effect under the laws of the state where made. To justify a court in refusing to enforce a right of action which accrued under the law of another state, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that, for some other such reason, the enforcement of it would be prejudicial to the general interests of our own citizens. If the state of Iowa sees fit to impose this liability upon those operating railroads within her bounds, and to make it a condition of the employment of those who enter their service, we see nothing in such a law repugnant either to good morals or natural justice, or prejudicial to the interests of our own citizens.

The only case which goes to the length of holding that this action cannot be maintained, is that of *Anderson* v. *Milwaukee & St. P. Ry. Co.*, 37 Wis. 321, which, on the facts, is on all-fours with the present case, and in which the court holds that such an action will only lie in the state of Iowa, which enacted the statute. But with due deference to that court, and especially to the eminent jurist who delivered the opinion in that case, we think they entirely failed to distinguish between the *right of action*, which was created by the statute of Iowa and must be governed by it, and the *form of the remedy*, which is always governed by the law of the forum, whether the action be *ex contractu* or *ex delicto*. It is elementary that the remedy is governed by the law of the forum, and this is all that is held by any case cited by the court in support of their opinion.

The case of *Bettys* v. *Milwaukee & St. P. Ry. Co.*, 37 Wis. 323, was an action brought under an Iowa statute to recover *double* damages for cattle killed in Iowa. This case was probably correctly decided upon the second ground stated in the opinion, viz., that the statute was *penal*, and therefore could only be enforced in the state which enacted it.

The following cases, we think, support our conclusion that this action may be maintained, although we have no such statute in this

state: *Dennick* v. *Railroad Co.*, 103 U. S. 11; *Leonard* v. *Steam Nav.* *Co.*, 84 N. Y. 48; *Chicago, etc., R. Co.* v. *Doyle, supra; Nashville &* *C. R. Co.* v. *Sprayberry*, 8 Baxt. (Tenn.) 341. See, also, *Selma, etc.,* *R. Co.* v. *Lacy*, 43 Ga. 461, and *S. C.*, 49 Ga. 106.

2. The defendant further contends that the statute of Iowa is in violation of the fourteenth amendment to the constitution of the United States, which declares that "no state shall deny to any person within its jurisdiction the equal protection of the laws." The ground for this contention consists in the fact that the law does not apply to all persons, but only to railroad companies, thus imposing on them a liability not imposed on others. There is great danger that some of the provisions of this fourteenth amendment will be attempted to be applied to cases for which it was never designed. In view of the history surrounding its adoption, we doubt whether it was ever intended to apply to cases like the present. But, even if it was, we find nothing in this statute repugnant to its provisions. The provision of the constitutional amendment referred to does not surround the citizen with any protection additional to those before given under the constitutions of the states. It was not in the power of the states, before the adoption of this amendment, to deprive citizens of the United States of the equal protection of the laws; the only change produced by making this constitutional principle a part of the federal constitution is to make the supreme court of the United States the final arbiter of cases in which a violation of this principle by state law is complained of. If a state, in view of the peculiar nature of the service upon railroads, and the danger incident to it, shall, as a matter of state policy, require these corporations, which are the creatures of its statutes, to assume the risk of injuries to their servants resulting from the negligence of fellow-servants also in their employ, we think they have a right to do so. Statutes imposing special duties and liabilities upon railroad companies are to be found on the statute-books of almost every state, and, if general in their application to all such corporations, they are valid. *McAunich* v. *Mississippi* *& M. Ry. Co.*, 20 Iowa, 338; *Johnson* v. *Chicago, M. & St. P. Ry.* *Co.*, 29 Minn. 425.

Order reversed.