CASE 111—PETITION ORDINARY—FEBRUARY 15.

# Louisville & Nashville Railroad Company v. Graham's Adm'r.

APPEAL FROM LOGAN CIRCUIT COURT.

1. UNDER THE ALABAMA CODE DAMAGES CAN BE RECOVERED OF A RAILROAD COMPANY FOR THE KILLING OF AN EMPLOYE as if he were a stranger, where the killing is caused by the negligence of any person in the service of the company who has the charge or control of any locomotive, car or train of the company. And to authorize the recovery it is not necessary to show either gross or wilful negligence.

2. MEASURE OF DAMAGES.—In an action under that statute only the estimated actual money value of the life can be recovered, with no allowance for physical pain or mental anguish suffered by the deceased, or solatium to the survivors on account of the bereavement. And as the decisions of the Alabama Supreme Court as to the measure of damages in such cases were given in evidence in this action brought in this State to recover for such a negligent killing in Alabama, that measure of damages is applied in determining whether the verdict is excessive.

Louisville & Nashville Railroad Company v. Graham's Adm'r.

In this case the deceased was earning $630 per annum, and under the American tables of mortality his probable duration of life was 26 72-100 years. He left infant children, but no widow. He was a man of more than ordinary health and vigor, and was sober, industrious, prudent and attentive to business.

*Held*—That a verdict for $6,908.98 is not excessive.

3. SAME—INSTRUCTION TO JURY.—An instruction given by the court telling the jury that the measure of damages is a fair and reasonable compensation for the "power to earn money" destroyed by the death of plaintiff's intestate, is substantially the same as an instruction asked by defendant, and refused, to the effect that the measure of damages is a fair and reasonable compensation for the "value" of the power to earn money.

WILBUR F. BROWDER FOR APPELLANT.

1. The court erred in refusing to instruct the jury that the measure of damages "is a fair and reasonable compensation for the *value* of the power to earn money which was destroyed by the death of Graham."

2. Under the Alabama law as proved in this case, which applies here, the true measure of damages in cases of this character is such a sum as being put at interest will each year by deducting a part of the principal and adding to it the interest yield an amount of money equal to the wages which were earned by the deceased employe per annum, and which wages were used by him in the maintenance of his family, during the period of the expectancy of his life. (McAdory v. L. & N. R. Co., 94 Ala., 272; James v. R. & D. R. Co., 92 Ala., 231; L. & N. R. Co. v. Orr, 93 Ala., 350.)

Measured by that rule the actual value of Graham's money-making power which was destroyed was $4,568.02, and therefore the verdict in this case is for too much.

3. To authorize a recovery in this case it was necessary to show that the employes in charge of the locomotive which killed Graham were guilty of gross negligence. (Greer v. L. & N. R. Co., 94 Ky., 169; L. & N. R. Co. v. Collins, 2 Duv., 114.)

4. The car-inspector and the crew of the engine by which he was killed were, in contemplation of law, fellow-servants, and on that account no recovery can be had. (Chicago, &c. R. Co. v. Murphy, 53 Ill., 336; Valtez v. Ohio &c. R. Co., 85 Ill., 500; Cone v. Delaware &c. R. Co., 81 N. Y., 207; Texas &c. R. Co. v. Harrington, 62 Texas, 597.)

BEN T. PERKINS, JR., AND EDWARD W. HINES FOR APPELLEE.

1. The Alabama law makes no distinction between an employe and

a stranger with respect to the liability of a railroad company for personal injury by its negligence. (Alabama Code, secs. 2590, 2591.)

2. Graham was not in any sense a trespasser on appellant's tracks. (L. & N. R. Co. v. Montgomery, 14 Ky. Law Rep., 417.)

.3. In the absence of any allegation as to what is the measure of damages in Alabama in cases of this character, it must be assumed that the measure of damages is the same as in this State. Proof without allegation avails nothing.

4. The question whether a new trial will be granted because the damages are excessive is one to be governed by the provisions of our Code and not by the Alabama law. If the Alabama law as to damages is to be applied it must be by instructions to the jury, and the defendant failing to ask that this be done can not now complain.

5. The verdict is not excessive even when tested by the Alabama decisions.

·6. There is no substantial difference between the instruction given and that refused.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This action was brought by the personal representative of T. F. Graham, deceased, against the Louisville & Nashville R. R. Co. to recover damages for the death of his intestate, which is alleged to have resulted from defendant's servants and agents negligently operating a locomotive on its track at Bessemer, Ala., in July, 1892.

The trial resulted in a verdict against the defendant for the sum of $6,908.98.

The locomotive ran over the deceased, inflicting injuries which produced his death some hours afterward. He left four small children. His wife had died some time previous to his death.

This action was brought under the Code of Alabama, which reads as follows:

"Section 2590. When a personal injury is received by a servant or employe in the service or business of the master or employer, the master or employer is liable to answer in

Louisville & Nashville Railroad Company v. Graham's Adm'r.

damages to such servant or employe as if he were a stranger, and not engaged in such service or employment, in the cases following: * * *

"5. When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has the charge or control of any signal points, locomotive, engine, car or train upon a railway or any of the track of a railway.   * * *"

"Section 2591. If injury results in the death of the servant or employe, his personal representative is entitled to maintain an action therefor, and the damages recovered are not subject to the payment of debts or liabilities, but shall be distributed according to the statute of distribution."

Under the Alabama Code there can be a recovery of damages for the negligent killing of an employe as if he were a stranger.   It is not necessary to show either gross or wilful neglect.   The testimony in this record shows that the injury which resulted in Graham's death was inflicted by the negligence of defendant's servants in charge of the locomotive which ran over him.

On the question of negligence the jury was properly instructed.

The same elements of damage are not estimated in a recovery in Alabama as in Kentucky.   In this case there is a relation of dependence, and, under the decisions of the Alabama Supreme Court, the amount of recovery is limited to the pecuniary value to the children of their father's life, being that sum which it would yield them during its probable duration.

In James v. Richmond & Danville R. Co.. 92 Ala., 235, it is said: "We hold only the estimated, actual money value of the life, based on proven *data*, can be recovered, with no allowance for physical pain or mental anguish suffered by the

deceased, or *solatium* to the survivors, on account of the bereavement."

In the case of Louisville & Nashville R. Co. v. Orr, 91 Ala., 548, 553, the court said: "The jury have no arbitrary discretion to give as damages what they may see proper, without reference to the proper basis from which to estimate them. That the jury may have proper *data* from which a pecuniary compensation may be fixed, it is proper to admit evidence of the age, probable duration of life, habits of industry, means, business, earnings, health, skill of the deceased, reasonable future expectations; and perhaps there are other facts which would exert a just influence in determining the pecuniary damages sustained."

In James v. Richmond & Danville R. Co., *supra*, after quoting the above, the court said: "All this we reaffirm, and add, that net income and habits of economy should enter into the account, as factors—important factors—in the ascertainment of accumulating capacity. This, at last, seems to be the proper standard by which to measure the damages."

In Louisville & Nashville R. Co. v. Trammell, 93 Ala., 354, the court adhered to the rule as above stated, and applied it to that case. The facts of that case were that the deceased was earning $300 per annum; that his family consisted of himself and wife; the entire sum was spent on his family; that his probable duration of life was about twenty-seven years; and the court assumed that the wife would receive $150 from the husband.

The court said, in that case: "The true measure of damages manifestly is that which gives her such sum as, being put to interest, will each year, by taking a part of the principal and adding it to the interest, yield one hundred and fifty dollars, and as that the whole remaining principal, at the end of the twenty-seventh year, added to the interest on this

Louisville & Nashville Railroad Company v. Graham's Adm'r.

balance for that year, will equal one hundred and fifty dollars."

· It is urged by counsel for appellant that the above is the rule by which the damages should be measured in this case. It does not appear, from the case, what the testimony was as to what were the habits of the deceased as to industry, rea· sonable future expectations or other facts which might have exerted a just influence in determining the pecuniary damage sustained. It must be presumed that there was nothing in his habits or future expectations to indicate that he would probably earn more per annum than he was then earning, hence the court estimated the actual money value of the life on the basis that the pecuniary damage to the wife was one hundred and fifty dollars·per annum for the probable duration of his life. It must be further presumed that in that case the deceased was of ordinary health and vigor for one of that age.

The testimony in this case shows that the deceased was earning six hundred and thirty dollars per annum; that, un-der the American tables of mortality, his probable duration of life was 26 72-100 years. This is upon the idea that he was in ordinary health and vigor for one of his age.

It was proved that the deceased would spend from fifteen to twenty dollars upon himself when he lived away from his children. It was also in evidence that the difference in the cost of keeping up the household and table when he was with his family and when he was absent from home would be very little—hardly noticeable.

To calculate the pecuni ary value of the life of the deceased by the rule followed in Louisville & Nashville R. Co. v. Tram- mell, *supra*, deducting at the rate of fifteen dollars per month (the amount which the jury had the right to fix under the testimony) for the expenditure of deceased upon himself,

the amount which plaintiff would be entitled to recover is something less than the verdict of the jury.

In this calculation it is estimated that the amount which would go to his children would be four hundred and fifty dollars per annum, and the interest to be calculated at six per cent. per annum, as we think this should be the rate instead of eight per cent. as suggested by counsel.

The testimony in this case shows that the health of the deceased was perfect; that he was a "strong man"—"stout, robust man;" that he was sober, quiet, industrious, prudent and attentive to business.

The jury had the right to consider that deceased would reduce the amount expended on himself by keeping house with his children; that he had more than ordinary health and vigor, and that, with his prudence, sobriety, industry, and attention to business, made his "reasonable future expectations" figure as an element in ascertaining the pecuniary value of the life of deceased to his children.

The decisions of the Alabama Supreme Court have been given in evidence in this case, and we are considering it solely in the light of these decisions. From the measure of damages enunciated in them we do not think the verdict excessive.

Appellant offered an instruction in which it was said the measure of the damages is a fair and reasonable compensation "for the value of the power to earn money," which was destroyed by Graham's death.

The court refused to give this instruction, but gave one in which it told the jury that the measure of damages is a fair and reasonable compensation "for the destruction of T. F. Graham's power to earn money," which was destroyed by his death.

While the form of expression differs in stating the

measure of damages, we are unable to see any difference in the effect of the instructions in question. In the one offered the court would have told the jury, in effect, that the amount of damages should be the "value of the power to earn money." In the one given the court told the jury, in effect, that the damages should be equivalent to the loss of the power to earn money, and, necessarily, the damages resulting in the loss of the power to earn money is the exact amount of the value of such power to earn it.

It was alleged in the petition, substantially, that the law of Alabama was the same as in Kentucky in relation to this case; but, by an amended petition, the sections of the Code of Alabama relating to the right to recover in the case were set out in full, which showed a right to recover if the death of deceased resulted from the negligence of servants of the defendant in operating a locomotive on its track. Under the pleadings, as changed, the recovery could be had for such negligence.

The judgment is affirmed.