# DECISIONS

OF THE

# Kentucky Court of Appeals.

## SEPTEMBER TERM, 1898.

CASE 1—ACTION FOR INJURY CAUSING DEATH—DEC. 10, 1897.

## Louisville & Nashville R. R. Co. v. Whitlow's Administrator.

(Omitted from the official reports heretofore, and now ordered to be included.)

### APPEAL FROM WARREN CIRCUIT COURT.

CONFLICT OF LAWS—LAWS AFFECTING RIGHTS AND THOSE GOV-ERNING REMEDIES.—In an action brought in the court of Kentucky for an injury inflicted in Tennessee and causing death, contributory negligence of the decedent is no defense to the action, it appearing that under the laws of Tennessee contributory negligence operates merely to reduce the amount of damages and not to defeat the recovery.

J. A. MITCHELL FOR APPELLANT. (H. W. BRUCE AND WILLIAM LINDSAY, OF COUNSEL).

The doctrine of contributory negligence pertains peculiarly to the remedy and the *lex fori* controls. Code of Tennessee, Secs. 3130, 3132, 3133, 3134; Story on Conflict of Laws, Secs. 571-579; Wharton on Conflict of Laws, Secs. 747-8-9; 3 Ency. of Law, 575; Scudder v. Union Nat'l Bank, 91 U. S., 406; Nonce v. Richmond & Danville Ry. Co., 33 Fed. Rep., 429; Herrick v. Railway Co., 31 Minn., 11; Northern Pacific Ry. Co., v. Babcock, 14 Sup. Ct. Rep., 978; 154 U. S., 190; Davis v. Morton, 5 Bush, 161; Depp v.

[1]

Louisville & Nashville R. R. Co. v. Whitlow's Admr.

L. & N. R. R. Co., 12 Ky. Law Rep., 366; Owen & McKinney v. L. & N. R. R. Co., 10 Ky. Law Rep., 554; Favre v. L. & N. R. R. Co., 13 Ky. Law Rep., 117; Munos v. Southern Pacific Ry. Co., 51 Fed. Rep., 188; Theroux v. Northern Pacific Ry. Co., 64 Fed. Rep., 84; Williams v. Haynes, 27 Iowa, 251; s. c. 1 Am. Rep., 268; Johnson v. Chicago & N. W. Ry. Co., 59 N. W., 67; Bank of Gallipolis v. Trimble, 6 B. M., 599; Parsons on Notes and Bills, 375; 2 Kent, 462; East Tenn. V. & Ga. Ry. Co., v. Hull, 88 Tenn., 33.

B. F. PROCTOR, FOR THE APPELLEE.

1. The *lex fori* governs as to procedure, process, pleadings, limitation, etc., because the statute so provides, but the *lex fori* is a part of the remedy without which the remedy does not exist, and it governs when shown to the court. Bruce's Admr. v. Cin. R. R. Co., 7 Ky. Law Rep., 59 and 469; Whiteford v. Panama R. R. Co., 24 N. Y. 466; Alexander Canal Co. v. Francis Swann, 5 How., 83.

2. Law of Tennessee. Deps. of Judges Wilson, Dickinson, Pitts, and Vertress; manuscript opinion in Hendricks v. R. R., 4 Pickle, 719; 2 Pickle, 74; 1 Pickle, 227.

3. The pleadings in the Edmonson case were competent evidence. Solomon R. R. Co. v. Jones, 15 Am. & Eng. Railroad Cases, 201.

4. What occurred between conductor and engineer was not hearsay, but original evidence showing who was in charge and further was part of *res gestae*. Greenleaf on Evidence, 1 Vol., 171, 179, 186, 201, 551; L. & N. R. R. Co. v. Foley, 15 Ky. Law Rep., 17; L. & N. R. R. Co. v. Earl's Admx., Id., 184.

5. Rule as to new trial. McKinney v. Com., 1 J. J. M., 320; Chrisman v. Gregory's Heirs, 4 B. M., 474; Harper v. Harper, 10 Bush, 447.

EDWARD W. HINES, ALSO FOR THE APPELLEE.

The Tennessee law governs because otherwise the Kentucky law as to contributory negligence would defeat the right conferred by the statute of the former State. Bruce's Admr. v. Cin., &c., R. R. Co., 83 Ky., 174; Lawson's Rights, Rem. & Prac., 7 Vol., p. 5831; Wintuska's Admr. v. L. & N. R. R. Co., 14 Ky. L. R., 579; Hovies v. Richmond, &c., R. Co., 91 Ga., 36; Alabama Gr. S. R. R. Co. v. Carroll, 18 L. R. A., 433; Usher v. West Jersey R. R. Co., 4 L. R. A., 261; McDonald's Admr. v. McDonald, 96 Ky., 209; L. & N. R. R. Co. v. Graham's Admr., 17 Ky. Law Rep., 1229.

WM. S: PRYOR on the same side, to the same point cited John-
son v. Chicago Ry. Co., 91 Ia., ——; Herrick v. Minn. & St. L. Ry.
Co., 31 Minn., 12; L. & N. R. R. Co. v. Graham's Admr., 17 Ky.
Law Rep., 1229; Demick v. Railroad Co., 103 U. S., 11.

J. A. MITCHELL FOR THE APPELLANT IN A PETITION FOR A REHEAR-
ING.   (H. W. BRUCE AND WM. LINDSAY OF COUNSEL).

1. Instruction No. 2 was error in failing to apply the fellow-servant
doctrine which obtains in Tennessee. And the court's refusal
to give instruction M was erroneous for the same reason. Rail-
road v. Martin, 3 Pickle, 398; Railroad v. Collins, 1 Pickle, 227;
Bradley v. Railroad, 14 Lea., 374; Railroad v. Wheless, 10 Lea.,
741; Iron Co. v. Dodson, 7 Lea., 367.

2. "Does the evidence show that there was, at the time of the injury
complained of, a statute of Tennessee, authorizing an action to
recover damages for the death of a human being?"

3. Contributory negligence is a defense and in determining its effects
the *lex fori* is applied. Wharton's Conflict Laws, Sec. 747;
Williams v. Haynes, 27 Ia., 251; Wooden v. Railway Co., 126 N.
Y., 10; Higgins v. Railway Co., 48 Am. & Eng. Ry. Cases, 512;
Richmond, &c., Ry. Co. v. Mitchell, 92 Ga., 77; Smith v. Wabash,
&c., R. R. Co., 141 Ind., 92; Johnson v. Chicago, &c. R. R.· Co.,
91 Ia., 248; 59 N. W. R., 66; Knight v. West Jersey, &c., R. R.
Co., 108 Pa. St., 250; Pennsylvania Co. v. McCann, 42 N. E. R.,
768; 3 Elliott on Railroads, Secs. 1365-6.

B. F. PROCTOR AND Wm. S. PRYOR filed separate responses
to the petition for a rehearing and on consideration the petition
was overruled.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Whilst T. P. Whitlow was in the service of the appellant
as brakeman on one of its trains, he is alleged to have been
killed by gross and willful negligence of the servants and
employes of the appellant in charge of the train.   At the
time of his death he was a resident of this State, and his
father qualified as his personal representative in the War-
ren County Court.   That the personal representative had
the right to maintain the action if the liability existed un-

Louisville & Nashville R. R. Co. v. Whitlow's Admr.

der the laws of Tennessee can not be questioned. Bruce's Admr. v. Cin. R. R. Co., 83 Ky., 174; Wintuska's Admr. v. L. & N. R. R. Co., 14 Law Rep., 579. He seeks to recover by virtue of the statute of Tennessee authorizing a recovery when death results from the wrongful act, fault or commission of another, and the law as settled in that State in the administration of the statute. It is a well settled principle in all civilized countries so far as we are aware that in matters *ex contractu* the *lex loci contractus* governs the construction and the validity of the contract, and that the *lex fori* governs the remedy. This principle is so familiar, it would be waste of time to cite elementary authorities or adjudged cases in support of it. As an amplification of the doctrine, it may not be inappropriate to quote from Scudder v. Union National Bank, 91 U. S., 406, wherein it is said, "Matters bearing upon the execution, the interpretation, and the validity of the contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought. A careful examination of the well considered decisions of this country and of England will sustain these positions."

We can see no reason why the doctrine as established as to actions *ex contractu* may not be applied to actions *ex delicto*. There seem to be but few decisions on the question. In the case of Nonce v. Richmond R. R. Co., 33 Fed. Rep., 434, it was held that there was no distinction on the subject between actions *ex contractu* and *ex delicto*. Herrick v. Railway Co., 31 Minn., 11 [47 Am.

R., 771], was an action *ex delicto* and the court held that the law of the place where the right was acquired or the liability incurred, governed as to the right of action. Whilst all that pertains merely to the remedy is controlled by the law of the State where the action is brought, thus recognizing the principle as the same where the right of action is *ex contractu* or *ex delicto*.

The question presented to the court is whether the Kentucky or Tennessee law as to contributory negligence applies. Under the Tennessee law if the intestate was himself guilty of negligence that contributed to his injury and death, yet if the defendant was guilty of negligence which was the direct and proximate cause of the intestate's injuries and death, then the plaintiff is entitled to recover, but the damages recoverable should be reduced or mitigated by reason of the intestate's contributory negligence.

Under our law if the intestate was guilty of such contributory negligence, except for which his injuries and death would not have occurred, then there can be no recovery. Contributory negligence under our rule is never applied to the mitigation of damages. The question is whether the contributory neglect relates to the right or to the remedy. The right to plead a counterclaim or a set off relates to the remedy.

In Davis v. Morton, Gault & Co., 5 Bush, 160 [96 Am. Dec., 345],it was held that the defendant was allowed to plead a set off to a note, although not allowed by the laws of Tennessee where the note was executed. Under our system of pleading, counterclaims in certain cases are allowed.

A counterclaim under our system of pleading is a cause of action against the plaintiff or against him and another

which arises out of the contract or transaction stated in the petition. A set-off is a cause of action upon a contract, judgment or award in favor of the defendant against plaintiff or against him and another; and it can not be pleaded except in an action upon a contract, judgment or award. The defendant who pleads a counterclaim admits the contract or transaction and seeks a recovery on his counterclaim growing out of it. The defendant who pleads a set-off admits his liability on the cause of action stated in the petition but claims he is entitled to a credit by way of set-off.

The plea of the statute of limitations generally relates to the remedy. In pleading the statute of limitations, the defendant admits that the cause of action or liability existed, but says that the plaintiff has slept too long on his rights, and his right to recover is barred. This is a defense which arises after the liability is incurred, because the existence of the right to plead a counterclaim, a set-off, or the statute of limitations does not show that the cause of action did not exist, but on the contrary admits its existence. When we say that a counterclaim or a set-off is a matter relating to the remedy, we mean that if it exists it may be relied upon as a defense to the action. Suppose, however, that under the *lex loci contractus* they did not exist, we could not say that had the transaction occurred in the State, the liability therefore would have existed, therefore they are available as defenses in this State. To do this would be to utterly disregard the *lex loci.* It would be creating a liability or cause of action when none existed in the place where the transaction or contract took place. To make our meaning clear, suppose that the set-off pleaded was a note which was void

under the laws of the place when executed, or for some cause did not impose any liability on the plaintiff, the court would not adjudge that was binding on the payor because it would have been so had it been executed in this State.

From all the facts attending the injury, it must be determined whether the defendant has incurred a liability for damages and the extent of it. The law of Tennessee must govern in fixing the liability and the quantum of recovery. It would be strange to apply the law of Tennessee in determining the question of liability, and take the law of the forum to fix the measure of recovery. It would be stranger still for the court to hold that the law of Tennessee should govern in fixing the liability; then apply the law of Kentucky, which would prevent a recovery, although a recovery is authorized by the law of Tennessee. It would be in one breath declaring the Tennessee law should determine the liability; and in the next instant adjudging that Kentucky law *shall* determine the liability and defeat a recovery. Suppose that under the laws of this State contributory negligence was not available in an action for the negligent killing of a human being, but in Tennessee it was. Could it be said in an action brought in this jurisdiction for the negligent killing in Tennessee that the law in that State, allowing such a plea was not available as a defense because it related not to the right of action but to the remedy? It could not be said it pertained to the remedy; it would be a fact that would in part determine the question of liability or of the right of action. The conduct of the intestate is part of the facts from which the liability of the defendant is fixed, and measures of relief to which the personal representative is entitled.

*Bruce's Admr. v. Cin. R. R. Co.* was an action under the Tennessee statute. The court said, "We are of the opinion the action can be maintained, and recovery had, in this State, in the same manner, for the same cause and to the same extent, as if the action had been brought and prosecuted in the State of Tennessee, where the cause of action arose." If contributory negligence is available to defeat a recovery in this case, then the plaintiff can not recover *in the same manner and to the same extent as if the action had been brought in Tennessee.*

L. & N. R. R. Co. v. Graham's Admr., 98 Ky., 688, was an action under the statute of Alabama for a negligent killing. The court held that the measure of damages as determined by the decisions of the Alabama Supreme Court should be applied in the case.

The case of Johnson v. N. & W. R. R. Co., 91 Iowa, 252, is cited by counsel for appellant to sustain his contention that Kentucky law of contributory negligence should prevail. The injury in that case occurred in Illinois, and the action was brought in Iowa. The doctrine of comparative negligence prevailed in Illinois and the Iowa court refused to follow the rule. The court disposed of the question in a few lines as to whether the doctrine of comparative negligence which had been established by the decisions of the courts of Illinois should prevail in that case. Kinne, J., took no part in the decision. Robinson, J., expressed no opinion on the question, but said that it was not necessarily involved in a determination of the case.

*Knight v. R. R. Co., 108 Pa. Stat., 250 [56. Am. Rep., 200],* and *Herrick v. R. R. Co., 31 Minn., 11 [47 Am. Rep., 771],* are cited by the court to sustain its conclusion. In neither of these cases cited was the same question involved which

the Iowa court adjudged, nor was there a similar question involved in them.

The question in *Knight v. R. R. Co.* presents the right to maintain an action against a foreign corporation to recover damages in an action *ex delicto* for negligence causing the death in another State. The court held that such an action could be maintained. The Pennsylvania court recognized the correctness of the doctrine of *Herrick v. R. R. Co.* And the court in the latter case said: "Whenever, by either common law or statute, *a right of action has become fixed and a legal liability incurred, that liability,* if the action be transitory, may be enforced, and the right of action pursued, in the courts of any State which can obtain jurisdiction of the defendant, provided it is not against the public policy of the laws of the State where it is sought to be enforced. . . . . The statute of another State has, of course, no extraterritorial force, but rights acquired under it will always, in comity, be enforced, if not against the public policy of the laws of the former. In such cases the law of the place where the right was acquired, or the liability was incurred, will govern as to the right of action; while all that pertains merely to the remedy will be controlled by the law of the State where the action is brought. And we think the principle is the same, whether the right of action be *ex contractu* or *ex delicto.*" Of course there is no question of public policy involved in the case because we have a statute of the same general import of the statute of Tennessee.

Dennick v. R. R. Co., 103 U. S., 11, was an action for injuries resulting in death, and the court held it was transitory. The court said: "It is difficult to understand how the nature of the remedy or the jurisdiction of the

courts to enforce it, is in any manner dependent on the question whether it is a statutory right or a common law right. Wherever, by either the common law or statute law of a State, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties." At the time the injury was inflicted, the right of action became fixed and a legal liability was incurred. The liability which the plaintiff seeks to enforce, was incurred by virtue of the law of Tennessee. The law of contributory negligence as adjudged in this state can not be applied so as to alter or affect the right of action which arose in Tennessee.

For these reasons the judgment is affirmed.