CASE 51—ACTION BY T. P. WHITLOW'S ADMR. AGAINST LOUISVILLE &
    N. R. R. CO. TO RECOVER DAMAGES FOR PERSONAL INJURIES TO
    PLAINTIFF'S INTESTATE RECEIVED IN THE STATE OF TENNESSEE.—
    DEC. 10, 1897.

# Louisville & N. R. R. Co. v. Whitlow's Admr.

### APPEAL FROM THE WARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

RAILROADS—RESIDENT OF THIS STATE NEGLIGENTLY KILLED IN TEN-
    NESSEE—CONFLICT OF LAWS—LIABILITY UNDER TENNESSEE STAT-
    UTE.

Held: Plaintiff's intestate was killed in Tennessee where contrib-
    utory negligence will not defeat the action, but goes in mitiga-
    tion of damages only. In an action for damages brought in
    Kentucky, the liability for damages is governed by the laws
    of the State of Tennessee.

J. A. MITCHELL, FOR APPELLANT.

H. W. BRUCE & WM. LINDSAY, OF COUNSEL.

The appellee's intestate, T. P. Whitlow, an unmarried man
about twenty-two years of age, while engaged in coupling the
locomotive to the freight train on which he was a brakeman,
was killed on the —— day of November, 1889, at Fountain
Head, a station on appellant's railroad in the State of Tennes-
see. At the time of his death the intestate was and had always
been a resident and citizen of Warren county, Kentucky. The
facts need not be further stated in the view we have of this
case.

On February 8, 1890, this action was instituted in the War-
ren circuit court by his administrator, appointed and qualified
in said county, to recover damages for the death of said intes-
tate because of the alleged negligence of the engineer and con-
ductor of said train and under the statute of Tennessee, which
reads as follows:

"3130. The right of action which a person, who dies from in-
juries received from another, or whose death is caused by the
wrongful act, omission or killing by another, would have had
against the wrongdoer in case death had not ensued, shall not
abate or be extinguished by his death, but shall pass to his

widow, and in case there is no widow, to his children, or to his personal representatives, for the benefit of his widow or next of kin, free from the claims of creidtors.

"3132. The action may also be instituted by the widow in her own name, or if there be no widow, by the children.

"3133. If the deceased had commenced an action before his death, it shall proceed without a revivor. The damages shall go to the widow and next of kin, free from the claims of the creditors of the deceased, to be distributed as personal property.

"3134. Where a person's death is caused by the wrongful act, fault or omission of another, and suit is brought for damages, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received."

Among other defenses, the appellant pleaded and relied upon contributory negligence on the part of the intestate. There have been three jury trials of the case. On the first trial the jury failed to agree and were discharged. On the second trial there was a verdict for the appellant, which, on appellee's motion, was set aside and a new trial granted because of alleged error in the instructions of the court. The third trial resulted in a verdict of $2,000 for the appellee, to reverse which, as well as the judgment of the court setting aside the verdict for appellant and granting a new trial, this appeal is prosecuted.

On the first two trials the court gave in its instructions to the jury the law of contributory negligence as expounded and understood in this State, and it seems never to have occurred to the trial court nor to appellee's counsel until after the verdict for the appellant on the second trial, that the doctrine of comparative negligence supposed to be peculiar to the common law of Tennessee and some other States, was applicable in a Kentucky forum on the trial of such a case. Nevertheless, it transpired that the verdict for the appellant was set aside upon the sole ground that in the opinion of the court the jury should have been instructed to apply the Tennessee rule of comparative negligence instead of the law of contributory negligence of the forum. In support of this change of base, not a single authority was cited by opposing counsel, although challenged to do so.

While there are some *half dozen reversible* errors prejudicial to the appellant in this record, we shall, in this brief, direct attention exclusively to the error indicated and committed

by the court, in giving, on the last trial, to the jury, the doctrine of comparative negligence, and in refusing to give on the appellant's motion the law of contributory negligence.

Instruction No. 2, given by the court *sua sponte*, and the court's refusing to give instructions marked "A," "B," "C" and "D" asked for by appellant's counsel, constitute the error complained of now to be discussed. Those instructions read as follows:

"No. 2.    Although the jury may believe from the evidence that when he received the injuries which resulted in his death the said Whitlow was himself guilty of negligence that contributed to his said injuries and death, they should, nevertheless, find for plaintiff, if they further believe from the evidence, that notwithstanding the contributory negligence, if any. of said Whitlow, the defendant's said enginneer, while in charge of the engine of said train, if he was in charge thereof, was guilty of such negligence, if any, as was the direct and proximate cause of said Whitlow's injuries and death, but in assessing damages, if any, against defendant, the jury should take into consideration the contributory negligence, if any, of said Whitlow in reducing or mitigating the damages."

"A."    The court instructs the jury that T. P. Whitlow, when he entered the service of the railroad company as a brakeman, and while he continued in said service, assumed all the ordinary risks and dangers incident to the said business, and, if the jury believe from the evidence that his injury was the direct result of such risks and dangers alone, or the direct and proximate result of his own negligence, then, and in such event the jury must find for the defendant."

Given, January term, 1893.    Refused, April term, 1893.

"B."    "The court instructs the jury that if they believe from the evidence that the injury to Whitlow was the direct result of his own negligence, or that his own negligence contributed to his injury to such an extent, that, but for his negligence he would not have been hurt, then, and in such event the jury must find for the defendant."    Given.

Given, January term, 1893.    Refused, April term, 1893.

"C."    "By contributory negligence on the part of T. P. Whitlow, as used in the instructions, is meant such negligence or want of ordinary care and caution on his part that, but for such want of care and caution on his part, the injury complained of would not have occurred."    Refused.

"D."    "Although the jury may believe from the evidence that the engineer, Russell, was guilty of gross negligence in the

operation of his engine at the time Whitlow was hurt, yet, if they shall further believe from the evidence that Whitlow was himself negligent in the manner in which he attempted to make the coupling, and that by reason of such negligence, if any, on his part he was hurt, when otherwise he would not have been hurt, then and in such event the jury must find for the defendant."

Given, January term, 1893.    Refused, April term, 1893.

It is a well recognized elementary principle that in matters *ex contractu* the *lex loci contractus*, or the place where the contract was made, governs the constructions and validity of the contract, and that the *lex fori*, or the place where the contract is sought to be enforced, governs the remedy and all matters pertaining thereto. Story on Conflict of Laws, sec. 571; Wharton on Conflict of Laws, secs. 747, 789, 749; 3 Cyclopedia of Law, 575, *et seq.*

In other words, to use the language of the supreme court of the United States, in Scudder v. Union National Bank, 91 U. S., 406:

"Matters bearing upon the execution, the interpretation and the validity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought.

"A careful examination of the well-considered decisions of this country and of England will sustain these positions."

On principle. there is no reason why the doctrine of the *lex fori* should not be applied to *actions ex delicto* as well as to actions *ex contractu*. So that, in any event, even if the law of Tennessee were applicable to the case at bar, the instruction complained of (No. 2, ante, p. 3) is erroneous.

If the argument we have advanced be sound and the principle of the authorities relied on be applicable to the case at bar, (and of this we think there can be no question), we are not only entitled to a reversal of the judgment for $2,000, but also entitled to a reversal of the decision and judgment of the court setting aside the former verdict for the appellant, which decision was made solely for the reason that the supposed doctrine of comparative negligence of Tennessee was applicable to this case. And we respectfully insist that the mandate of this court should require a judgment to be entered for the appellant on that verdict thus erroneously set aside.

AUTHORITIES CITED.

Code of Tennessee, secs 3130, 3132, 3133, 3134; Story on Con-
flict of Laws, secs. 571-579; Wharton on Conflict of Laws, secs.
747-8-9; 3 Cyclopedia of Law, 575; Scudder v. Union National
Bank, 91 U. S., 406; Nonce v. Richmond & Danville R.y Co., 33
Fed. Rep., 429; Herrick v. Railway Co., 31 Minn., 11; Northern
Pacific Ry. Co. v. Babcock, 14 Sup. Ct. Rep., 978; Davis v.
Morton, 5 Bush, 160; Depp v. L. & N. R. R. Co., 12 Rep., 366,
Owen & McKinney v. L. & N. R. R. Co., 10 Rep., 554; Favre
v. L. & N. R. R. Co., 13 Rep., 117; Munos v. So. Pac. Ry.
Co., 51 Fed. Rep., 188; Theroux v. Northern Pacific Ry. Co.,
64 Fed. Rep., 84; Williams v. Haynes, 27 Iowa, 251 (1 Am.
R., 268); Johnson v. Chicago & N. W. Ry. Co., 59 N. W., 67;
Bank of Gallipolis v. Trimble, 6 B. M., 599; Parsons on Notes
& Bills, 375; 2 Kent, 462; East Tenn., V. & Ga. Ry. Co. v.
Hull, 88 Tenn., 33.

B. F. PROCTER, ATTORNEY FOR APPELLEE.

The railroad filed its answer in which it pleaded affirmatively
as follows:    "In this behalf defendant says that said train and
its crew, including the engineer and said decedent, was under
the control of the conductor, who, alone, of the defendant's ser-
vants on said train was the said decedent's superior," and fur-
ther in paragraph 5 of said answer, answering affirmatively,
it is alleged:    "Par. 5.    For further answer, the defendant says
that at and before the time of the injury to the plaintiff's in-
testate, which occurred at Fountain Head in the State of Ten-
nessee, on the second day of November, 1889, the law in said
State in which the alleged cause of action herein sued on arose,
provided that locomotive engineers and brakemen on the same
train and composing one crew, were fellow servants, and fur-
ther provided that the defendant railroad company, in whose
employment they were, was not liable in damages or otherwise,
for any injury to the brakemen on the same train of cars caused
or contributed to by the carelessness or negligence of any act
of omission of the engineer in charge of and operating the en-
gine by which said train was drawn at the time of such in-
jury."

Defendant says that at and before the time of the injury to
said T. P. Whitlow at Fountain Head in the State of Tennes-
see, on the second day of November, 1889, it was the law of
said State, and from that time to this has been at all times,
and is now the law of said State of Tennessee, that the de-
fendant, railroad company was not, and is not responsible or
in any degree liable for any injury done to any brakeman while

in discharge of his duties as such brakeman, by the locomotive engineer of the train upon which such brakeman was at the time at work in his said capacity of brakeman; that if the brakeman so injured and the engineer so causing or contributing to said injury were at the time members of the same train crew, on the same train, and engaged in the discharge of their respective duties as such brakeman and engineer, they were and are deemed by the law of said State of Tennessee, fellow servants, and by the provisions of said law of Tennessee, the defendant railroad company was not and is not to any extent or in any manner liable for an injury done or resulting to such brakeman by reason of the carelessness or negligence of such engineer."

"Defendant says that the engineer referred to by the plaintiff in his petition as the person through whose negligence the injuries complained of resulted, was, at the time in charge of and operating the engine, and was at the time a member of the same crew of which said brakeman, T. P. Whitlow, was at the time a member, being one of the three brakemen then employed and engaged upon said train."

Those allegations were never amended or withdrawn, and with the issues so made, the trial judge excluded from the jury all the testimony of several witnesses named in the grounds for a new trial, tending to show that the engineer, Russell, was habitually incompetent and reckless, and excluded from the jury the evidence of J. S. Johnson, showing that the engineer was in fact in charge of the engine, and acting as the superior of Whitlow, when he was killed, and excluded from the jury as evidence, the petition of Edmonson's administrator, and appellant's answer thereto, in which it was distinctly alleged that engineer Russell was reckless and incompetent, and it was known to appellant and the answer showed that the suit was pending in the Logan circuit court for the killing of Edmonson with the answer and denial of the fact of competency and the knowledge of defendant, both denied, when Whitlow was killed by the same engineer at Fountain Head. This was the highest evidence of *notice* to appellant, but the fact of incompetency could not be so proved. And notwithstanding the Tennessee law as to fellow servants was pleaded and relied on by both parties, the court adopted the Kentucky law in its instructions, and instructed that contributory negligence was an absolute bar to recovery. The jury so instructed and the case so presented, found for defendant. A new trial was prayed by appellee, and the court reviewing all the errors complained of, as this court says is proper, in Harper v. Harper,

12 Bush, and being satisfied that appellee had not had a fair trial sustained the motion.

At the August term 1893, the case was again called and Johnson's deposition nearly all admitted, and the pleadings in the cause at Russellville were admitted as shown by the record, and the court was given the Tennessee law as relied upon by both parties, and the jury returned into court a verdict for $2,000 from which this appeal is prosecuted.

### SUMMARY.

1. The *lex fori* governs as to procedure, process, pleadings, limitations, etc., because the statute so provides, but the *lex loci* is a part of the remedy without which the remedy does not exist, and it governs when shown to the court. Bruce's Admr. v. Cin. R. R. Co., 7 Ky. Reporter, 59 and 469; Whiteford v. Panama R.R. Co., 24 N. Y., 466; Alexandria Canal Co. v. Francis Swann, 5 Howard, 83.

2. Law of Tennesssee. Depositions of Judges Wilson, Dickinson, Pitts and Vertress, manuscript opinion in Hendricks v. R. R., 4 Pickle, 719; 2 Pickle, 74; 1 Pickle, 227.

3. The pleadings in the Edmonson case were competent evidence. Solomon R. R. Co. v. Jones, 15 Am. & Eng. R. R. Cases, 201.

4. What occurred between conductor and engineer was not hearsay, but original evidence showing who was in charge, and further was part of *res gestae*, Greenleaf on Evidence, 1, vols. 171, 179, 186, 201, 551; L. & N. R. R. v. Foley, 15 Ky. Reporter, 17; L. & N. v. Earles' Admx, Idem., 184.

5. Rule as to new trial. McKinney v. Com., 1 J. J. M., 320; Chrisman v. Gregory's Heirs, 4 B. M., 474; Harper v. Harper, 10 Bush, 451.

EDWARD W. HINES and W. S. PRYOR, for appellee.

The only ground upon which counsel for appellant relies for a reversal is alleged error of the court in refusing to give to the jury the Kentucky Law as to contributory negligence. For reply to the defendant's plea of contributory negligence, the plaintiff alleged that the contributory negligence of the plaintiff is not a defense under the Tennessee law but is considered merely in mitigation of damages, and the evidence showing such to be the fact, the court in effect so instructed the jury. So the only question presented to this court is whether the Kentucky law or the Tennessee law as to contributory negligence applies, unless, indeed the appellant has by its answer and rejoinder waived its right to insist upon the Kentucky

Louisville & N. R. R. Co. v. Whitlow's Admr.

law, which I insist it has done. It is insisted by counsel for appellant that this is a matter that pertains to the remedy alone, and that, therefore, the law of the forum applies.

In the case of Bruce's Admr. v. Cincinnati R. R. Co., 83 Ky., 181, in which this court held that an action could be maintained in this State under the Tennessee statute, the court said: "We are of the opinion the action can be maintained, and recovery had, in this State, in the same manner, for the same cause and to the same extent, as if the action had been brought in the State of Tennessee, where the cause of action arose."

To allow contributory negligence to be pleaded here as an absolute defense when it is not a defense under the law of Tennessee, is not to allow the plaintiff to recover *in the same manner and to the same extent* as if the action had been brought in Tennessee. The construction placed upon the Tennessee statute by the courts of that State becomes a part of the statutes, and must be followed by the court of this State when the statute is attempted to be enforced here. (7 Lawson's Rights, Remedies and Practice, p. 5831.)

### CITATIONS.

Bruce's Admr. v. Cin. R. R. Co., 83 Ky., 181; 7 Lawson's Rights, Remedies and Practice, p. 5831; Wintuska's Admr. v. L. & N. R. R. Co., 14 Ky. Law Rep., 579; Hovis v. Richmond, &c. R. R. Co., 91 Ga., 36; Alabama Great Southern R. R. Co. v. Carroll, 18 L. R. A., 433; Usher v. West Jersey R. R. Co., 4 L. R. A., 261; McDonald's Admr. v. McDonald, &c., 96 Ky., Herrick v. Minneapolis & St. Louis Ry. Co., 31 Minn. p. 12; L. & N. R. R. Co. v. Graham's Admr., ——; Dennick v. R. R. Co., 103 U. S., 17.

.OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING

While T. P. Whitlow was in the service of the appellant as brakeman on one of its trains he is alleged to have been killed by gross and willful negligence of the servants and employes of the appellant in charge of the train. At the time of his death he was a resident of this State, and his father qualified as his personal representative in the Warren county court. That the personal representative had the right to maintain the action, if the liability existed under the laws of Tennessee, can not be questioned. Bruce's

Adm'rs v. Railroad Co., 83 Ky., 174; (7 R., 159) Wintuska's
Adm'r v. Railroad Co. (14 R., 579), 20 S. W., 819.  He seeks
to recover by virtue of the statute of Tennessee authorizing
a recovery when death results from the wrongful act, fault,
or commission of another, and the law as settled in that
State in the administration of the statute.  It is a well-set-
tled principle in all civilized countries, so far as we are
aware, that in matters *ex contractu* the *lex loci contractus*
governs    the    construction    and    the    validity    of    the
contract, and    that    the    *lex    fori*    governs    the    remedy.
This    principle    is    so    familiar    it    would    be    waste
of time to cite elementary authorities or adjudged cases in
support of it.  As an amplification of the doctrine, it may
not be inappropriate to quote from Scudder v. Bank, 91 U.
S., 406, wherein it is said:  "Matters bearing upon the ex-
ecution, the interpretation, and the validity of the contract
are determined by the law of the place where the contract
is made.  Matters connected with its performance are regu-
lated by the law prevailing at the place of performance.
Matters respecting the remedy, such as the bringing of suits,
admissibility of evidence, statutes of limitation, depend
upon the law of the place where the suit is brought.  A
careful examination of the well-considered decisions of this
country and of England will sustain these positions."  We
can see no reason why the doctrine as established as to ac-
tions *ex contractu* may not be applied to actions *ex delicto*.
There seem to be but few decisions on the question.  In
the case of Nonce v. Railroad Co., 33 Fed., 434, it was held
that there is no distinction on the subject between actions
*ex contractu* and *ex delicto*.  Herrick v. Railway Co., 31
Minn., 11, 16 N. W., 413, was an action *ex delicto*, and the
court held that the law of the place where the right was
acquired or the liability incurred governs as to the right of

.action, while all that pertains merely to the remedy is con-. trolled by the law of the State where the action is brought, thus recognizing the principle as the same where the right of action is *ex contractu* or *ex delicto*. The question pre- .sented to the court is whether the Kentucky or Tennessee law as to contributory negligence applies. Under the Tennessee law, if the intestate was himself guilty of negligence that contributed to his injury and death, yet if the defendant was guilty of negligence which was the direct and proxi- mate cause of the intestate's injuries and death, then the plaintiff is entitled to recover, but the damages recoverable should be reduced or mitigated by reason of the intestate's ·contributory negligence. Under our law, if the intestate was guilty of such contributory negligence except for which his injuries and death would not have occurred, then there can be no recovery. Contributory negligence, under our rule, is never applied to the mitigation of damages. The question is whether the contributory negligence relates to the right or to the remedy. The right to plead a counter- claim or a set-off relates to the remedy. In Davis v. Mor- ton, 5 Bush, 160, it was held that the defendant was allow- ed to plead a set-off to a note, although not allowed by the laws of Tennessee, where the note was executed. Under our system of pleading, counterclaims in certain cases are allowed. A counterclaim, under our system of pleading, is a cause of action against the plaintiff, or against him and another, which arises out of the contract or transaction stated in the petition. A set-off is a cause of action upon a contract, judgment, or award in favor of the defendant against plaintiff, or against him and another, and it can not be pleaded except in an action upon a contract, judgment or award. The defendant who pleads a counterclaim admits the contract or transaction, and seeks a recovery on his

counterclaim growing out of it. The defendant who pleads a set-off admits his liability on the cause of action stated in the petition, but claims he is entitled to a credit by way of set-off. The plea of the statute of limitations generally relates to the remedy. In pleading the statute of limitations, the defendant admits that the cause of action or liability existed, but says that the plaintiff has slept too long on his rights, and his right to recover is barred. This is a defense which arises after the liability is incurred. The existence of the right to plead a counterclaim, a set-off, or the statute of limitations does not show that the cause of action did not exist, but, on the contrary, admits its existence. When we say that a counterclaim or a set-off is a matter relating to the remedy, we mean that if they exist they may be relied upon as a defense to the action. Suppose, however, that, under the *lex loci contractus*, they did not exist, we could not say that, had the transaction occurred in the State, the liability therefor would have existed. Therefore they are available as defenses in this State. To do this would be to utterly disregard the *lex loci*. It would be creating a liability or cause of action when none existed in the place where the transaction or contract took place. To make our meaning clear, suppose that the set-off pleaded was a note which was void under the laws of the place where executed, or for some cause did not impose any liability on the plaintiff; the court would not adjudge that it was binding on the payor because it would have been so had it been executed in this State.

From all the facts attending the injury, it must be determined whether the defendant has incurred a liability for damages and the extent of it. The law of Tennessee must govern in fixing the liability and the quantum of recovery. It would be strange to apply the law of Tennessee in de-

termining the question of liability, and take the law of
the forum to fix the measure of recovery. It would be
stranger still for the court to hold that the law of Tennes-
see should govern in fixing the liability, then apply the law
of Kentucky, which would prevent a recovery, although a
recovery is authorized by the law of Tennessee. It would
be in one breath declaring the Tennessee law should de-
termine the liability, and in the next instant adjudging that
Kentucky law shall determine the liability and defeat a re-
covery. Suppose that, under the laws of this State,
contributory negligence was not available in an ac-
tion for the negligent killing of a human being, but
in Tennessee it was. Could it be said, in an ac-
tion brought in this jurisdiction for the negligent
killing in Tennessee, that the law in that State allowing
such a plea was not available as a defense because it re-
lated, not to the right of action, but to the remedy? It
could not be said it pertained to the remedy. It would be
a fact that would in part determine the question of liabil-
ity or of the right of action. The conduct of the intestate
is part of the facts from which the liability of the defendant
is fixed, and measures the relief to which the personal rep-
resentative is entitled. Bruce's Adm'r v. Railroad Co.
was an action under the Tennessee statute. The court
said: "We are of the opinion the action can not be main-
tained and recovery had in this State in the same manner,
for the same cause, and to the same extent as if the action
had been brought and prosecuted in the State of Tennessee,
where the cause of action arose." If contributory negli-
gence is available to defeat a recovery in this case, then the
plaintiff can not recover in the same manner and to the
same extent as if the action had been brought in Tennessee.

Railroad Co. v. Graham's Adm'r, 98 Ky., 688 (17 R., 1229),
34 S. W., 229, was an action under the statute of Alabama
for a negligent killing. The court held that the measure of
damages, as determined by the decisions of the Alabama
supreme court, should be applied in the case. The case of
Johnson v. Railroad Co., 91 Iowa, 248, 55 N. W., 66, is
cited by counsel for appellant to sustain his contention that
Kentucky law of contributory negligence should prevail.
The injury in that case occurred in Illinois, and the action
was brought in Iowa. The doctrine of comparative negli-
gence prevailed in Illinois, and the Iowa court refused to
follow the rule. The court disposed of the question in a
few lines as to whether the doctrine of comparative negli-
gence which had been established by the decisions of the
courts of Illinois should prevail in that case. Kinne, J.,
took no part in the decision. Robinson, J., expressed
no opinion on the question, but said that it was not
necessarily involved in a determination of the case. Knight
v. Railroad Co., 108 Pa. St., 250, and Herrick v. Railroad Co.,
31 Minn., 11, 16 N. W., 413, are cited by the court to sus-
tain its conclusion. In neither of these cases cited was
the same question involved which the Iowa court adjudged,
nor was there a similar question involved in them. The
question in Knight v. Railroad Co. presents the right to
maintain an action against a foreign corporation to recover
damages in an action *ex delicto* for negligence causing the
death in another State. The court held that such an action
could be maintained. The Pennsylvania court recognized
the correctness of the doctrine of Herrick v. Railroad Co.;
and the court in the latter case said: "Whenever, by either
common law or statute, a right of action has become fixed
and a legal liability incurred, that liability, if the action be
transitory, may be enforced, and the right of action pursued,

in the courts of any State which can obtain jurisdiction of the defendant, provided it is not against the public policy of the laws of the State where it is sought to be enforced. . . . The statute of another State has, of course, no extraterritorial force, but rights acquired under it will always, in comity, be enforced, if not against the public policy of the laws of the former.  In such cases the law of the place where the right was acquired or the liability was incurred will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the State where the action is brought; and we think the principle is the same whether the right of action be *ex contractu* or *ex delicto.*"  Of course, there is no question of public policy involved in the case, because we have a statute of the same general import of the statute of Tennessee.  Dennick v. Railroad Co., 103 U. S., 11, was an action for injuries resulting in death, and the court held it was transitory.  The court said:  "It is difficult to understand how the nature of the remedy, or the jurisdiction of the courts to enforce it, is in any manner dependent on the question whether it is a statutory right or a common-law right.  Wherever, by either the common law or statute law of a State, a right of action has become fixed, and a legal liability incurred, that liability may be enforced, and the right of action pursued, in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties."  At the time the injury was inflicted the right of action became fixed, and a legal liability was incurred.  The liability which the plaintiff seeks to enforce was incurred by virtue of the law of Tennessee.  The law of contributory negligence, as adjudged in this State, can not be applied so as to alter or affect the right of action which arose in Tennessee.  For these reasons the judgment is affirmed.