## Case No. 11,765.

### The RICHARD DOANE.

[2 Ben. 111; 7 Int. Rev. Rec. 77.][1]

District Court, S. D. New York. Jan., 1868.

COLLISION—PLEADING—VESSEL AND OWNER.

1. A suit to recover damages for a collision cannot properly be brought against a vessel in rem, and her owner in personam, unless her owner is also master.

[Cited in The Clatsop Chief, 8 Fed. 165; The Director, 26 Fed. 711; Joice v. Canal-Boats 1,758 and 1,892, 32 Fed. 554; The Corsair, 145 U. S. 343, 12 Sup. Ct. 951.]

2. All the owners of a vessel injured by a collision should be joined as libellants.

3. The case of Newell v. Norton, 3 Wall. [70 U. S.] 257, discussed.

This was a libel for a collision. It stated that David N. Woolman, the libellant, was the part owner and master of a certain canalboat, which was injured by a collision with the propeller Richard Doane, through the fault of the propeller. The libel prayed process against the propeller and against John H. Willis, her owner, and asked that the court would decree the payment of damages against Willis and the vessel, and that the vessel might be condemned and sold to pay the same. To this libel, Willis, as claimant and respondent, excepted, on two grounds: (1) Because the libel improperly joined a suit in

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 7 Int. Rev. Rec. 77, contains only a partial report.]

rem against the vessel, and a suit in personam against her owner; (2) because it presented, on its face, a nonjoinder of proper parties as libellants.

M. Goepp, for libellant.
W. J. Haskett, for claimant.

BLATCHFORD, District Judge. The first exception is well taken. The fifteenth rule of the rules of practice for courts of admiralty in instance causes, prescribed by the supreme court of the United States, provides, that in all suits for damage by collision, the libellant may proceed against the ship and master, or against the ship alone, or against the master or the owner alone, in personam. This rule has always, since its enactment, been construed as excluding any other mode of procedure, in suits for damage by collision, than that specified in and allowed by the rule. The proctor for the libellant seems to have been misled by an expression in the opinion of the supreme court, delivered by Mr. Justice Grier, in the case of Newell v. Norton, 3 Wall. [70 U. S.] 257, 266. In that case, a libel for collision was filed against a vessel and her master, who was part owner of her, and her other owners, and her pilot. The district court sustained the libel as against the vessel and her master, and dismissed it as against the other owners and the pilot. The supreme court concurred with the district court in this practice, and decided that it was proper for the district court, in its discretion, to allow the libellant to elect in what way he would proceed in a case of such misjoinder, and to amend his libel accordingly. After deciding this point, Judge Grier, in the opinion, says: "The objection that a libel in rem against a vessel, and in personam against the owner, cannot be joined, was properly overruled, as it was in conformity with the fifteenth rule in admiralty, as established by this court." Now, the report of the case shows that the objection that was overruled by the district court was not an objection that, in a libel for collision, proceedings against a vessel and her owner, who was not her master, could not be joined. That objection was sustained. The objection that was overruled was an objection that, in a libel for collision, proceedings against a vessel and her master could not be joined. The overruling of the former objection would not have been in conformity with the fifteenth rule in admiralty, but the sustaining of it was in conformity with that rule. The overruling of the latter objection was in conformity with that rule. It is manifest that the language used by Judge Grier was inadvertently used.

The second exception, also, is allowed. All the owners of the damaged canal-boat may, and should, be joined as libellants. Ben. Adm. § 380; Fretz v. Ball, 12 How. [53 U. S.] 466, 468; Stannard v. The John Hart [Case No. 13,290], in this court, before Judge Betts, March, 1861.

The libel may be amended, on payment of costs, in both of the particulars in which it is excepted to.