SIX HUNDRED AND SIXTY-ONE BALES OF TOBACCO (UNITED STATES v.). See Case No. 16,297.

## Case No. 12,918.

### SIX HUNDRED AND THIRTY CASKS OF SHERRY.

[14 Blatchf. 517.] [1]

Circuit Court, S. D. New York. June 21, 1878. [2]

CARRIERS — DAMAGE TO CARGO — LEAKAGE AND BREAKAGE—QUALITY OF CASKS.

1. Casks of wine were shipped to New York, on a vessel, under a bill of lading which stated

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]
2 [Affirming Case No. 16,900.]

that the casks were in good order and well conditioned, and said, also: "Weight and contents unknown; not liable for average leakage or breakage." The casks, without reference to their contents, were delivered from the vessel at New York, and placed in the custody of officers of the customs. There was some leakage during the voyage. Some of the casks were empty on their arrival, and others were partially so. The casks were of an inferior quality, and were in poor condition, on their arrival, arising from their quality and the usual perils of navigation. The master of the vessel libelled the casks of wine, in rem, in admiralty, for the freight money, and sued the claimants therefor, in the same suit: Held, the vessel was not liable for leakage and breakage not arising from her own negligence.

2. Proof of the inferior quality of the casks threw on the claimants the burden of showing that the injury to the casks was caused by the negligence of the vessel.

[Cited in The Tommy, 16 Fed. 603; The Querini Stamphalia, 19 Fed. 124; F. O. Matthiessen & Wiechers Sugar Refining Co. v. Gusi, 29 Fed. 796.]

3. The burden was on the claimants, of proving that the leakage was greater than the average in such casks.

4. The claimants and the property could be joined in the suit.

[Cited in The J. F. Warner, 22 Fed. 344; Joice v. Canal Boats Nos. 1,758 & 1,892, 32 Fed. 553; The Baracoa, 44 Fed. 103. Cited in brief in Heney v. The Josie, 59 Fed. 782.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was an appeal by the claimants from a decree of the district court in favor of the libellants (Vaughan v. Six Hundred and Thirty Casks of Sherry [Case No. 16,900]), in a suit in rem, in admiralty.

Thomas H. Rodman, for libellant.
Franklin A. Wilcox, for claimants.

WAITE, Circuit Justice. On or about April 12th, 1873, John Haurie, Nephew, shipped on board the ship Hudson, whereof the libellant was master, at Cadiz, Spain, 630 quarter casks of sherry wine, to be transported to New York and there delivered to the shipper, or his assigns, he or they paying freight and primage therefor, amounting to $866 25, in gold. Bills of lading in the usual form, signed by the master, were delivered to the shipper, specifying that the casks were in good order and well conditioned, but which contained the following clause: "Weight and contents unknown; not liable for average leakage or breakage." The bills of lading were transferred by the shipper to the claimants, John Osborn, Sons & Co., New York. The whole 630 quarter casks, without reference to what was in them, were delivered in due time from the ship, in New York, and taken to the bonded warehouse of the United States, in the custody of the officers of customs, where they remained at the time of the filing of the libel in this case. There had been some leakage during the voyage. Some of the casks were empty on their arrival, and others partially so. The casks were of an inferior qual-

ity; badly coopered and shaky. Upon their arrival they were in poor condition generally, but it does not appear that their bad condition could be attributed to anything else than their inferior quality and the usual and ordinary perils of navigation. The freight and primage payable according to the terms of the bills of lading were duly demanded of the claimants, and payment thereof refused, before the libel was filed. No evidence was offered by the claimants, and there was no other evidence of the negligence of the vessel than the condition of the casks upon her arrival. There was no evidence as to what the average leakage would be upon such a voyage, or that the actual leakage in this case was greater than the average.

The exception in the bill of lading exempted the ship from liability for leakage and breakage not arising from her own negligence.

The burden of proving that the injury to the casks was caused by the negligence of the ship, was cast upon the claimants by the proof of the inferior quality of the casks. As there was no evidence upon that subject, the case of the claimants in this particular has not been made out.

The burden of proving that the leakage was greater than the average, in casks of the quality and condition of these when received on board the ship, was upon the claimants. No evidence having been given upon this subject, the case of the claimants, in this particular, also, has not been made out.

As the cause of action in this case arises upon a contract which, if it binds the claimants personally, binds also the property, both the claimants and the property may be joined in the suit.

The libellants are entitled to a decree for $866 25, in gold, with interest at the rate of seven per cent. per annum from the time of filing the libel, and for costs.