## THE CLATSOP CHIEF.

### (District Court, D. Oregon. August 9, 1881.)

1. JOINDER OF CLAIM IN REM AND IN PERSONAM.

    Under admiralty rule 15, in a suit for damage by collision, a claim *in rem* and *in personam* cannot be joined in one libel.

2. SEMBLE.

    That but for said rule they might be so joined, and that convenience in prosecuting the claim would thereby be promoted.

3. FELLOW SERVANT—INJURY TO.

    Exception to libel for injury to a fireman on a steam-vessel caused by the negligence of the master, on the ground that they were fellow servants of a common employer, and that such fireman was aware of the incompetence of the master, overruled, upon the impression that the fireman and master were not fellow servants in the sense which excuses the common employer from liability for an injury suffered by one in consequence of the misconduct or negligence of the other, with leave to raise the question upon final hearing.

4. TORTS—ADMIRALTY JURISDICTION.

    The national courts have jurisdiction of a tort committed anywhere upon the navigable waters of the United States. The ruling in *Holmes* v. *O. & C. Ry. Co.* 5 FED. REP. 75, followed.

In Admiralty.

*W. Scott Debee* and *Sidney Dell*, for libellant.

*David Goodsell* and *D. P. Kennedy*, for the owner.

DEADY, D. J. The libel alleges that on February 28, 1881, the Clatsop Chief, a steam-tug, duly enrolled and licensed at Portland, in the district of Wallamet, and engaged in towing on the Columbia and Wallamet rivers, was proceeding down the Columbia at 15 minutes after 8 P. M., opposite to Willow bar, with a large scow in tow, when, by reason of the want of skill and care of the master of said steam-tug, she collided with the steam-ship Oregon, then ascending said river, whereby Andrew Kay, then serving as fireman on board said Clatsop Chief, was "precipitated" into said river and drowned; that said collision was caused by the violation of the rules of navigation owing to the gross ignorance and incompetence of the master of the Chief, who was wholly incompetent and unfit for the duties of said employment, all of which was well known to the owner thereof at the time of his employment and afterwards; that the libellant is the widow of said Andrew Kay, and the "sole distributee" of his estate, and on April 15th was duly appointed administrator of said estate, wherefore she brings this suit against said vessel and her owner to recover the sum of $5,000, "according to the statute of the state of Oregon in such case made and provided, and under the general admiralty law."

Upon an interlocutory order of May 18th the vessel was sold for $1,850, and the proceeds, less the fees and expenses of the marshal, ($168.29,) were paid into the registry of the court to await the result of the suit and the intervention of sundry material men whose claims have since been confessed for near $3,000.

The owner, B. F. Jones, appears and excepts to the libel, for that—

(1) It appears therefrom that there is a misjoinder therein of a suit *in rem* and *in personam;* (2) that the deceased was a fellow servant of the master of the Chief, and therefore neither the vessel nor her owner is liable for the injury caused by the latter's negligence or want of skill; (3) that said Andrew Kay had due notice of the alleged incompetence of said master; and (4) that the matter is not within the admiralty jurisdiction of the United States, and of this court.

The first exception appears to be well taken. By the admiralty rule 15 it is provided that, "in all suits for damages by collision, the libellant may proceed against the ship and master, or against the ship alone, or against the master or the owner alone *in personam*." It is a contested point whether, independent of or antecedent to this rule, a party who was entitled to a remedy *in rem* and also *in personam* might pursue the same either against the vessel and master or the vessel and owner in one suit. Mr. Benedict (Ben. Adm. § 397) is of the opinion that he could, while Judge Conkling (2 Conk. U. S. Adm. 42) thinks it "extremely questionable." In the *N. C. Bank* v. *N. S. Co.* 2 Story 16, decided (1841) before the promulgation of the admiralty rules, Mr. Justice Story said:

"In cases of collision the injured party may proceed *in rem* or *in personam*, or successively in each way, until he has full satisfaction; but I do not understand how the proceedings can be blended in one libel."

See, also, *The Ann*, 1 Mass. 512; *The Cassius*, 2 Story, 99.

My own impression of the matter is with Mr. Benedict, when he says (section 397, *supra*)—

"That whenever the libellant's cause of action gives him, at the same time, a lien or privilege against the thing, and a full personal right against the owner, then he may by a libel, properly framed, proceed against the person and the thing, and compel the owner to come in and submit to the decree of the court against him personally in the same suit for any possible deficiency."

It is a question simply of procedure, and should be determined mainly, if not altogether, upon considerations of fitness and convenience; and every argument drawn from this source is in favor of the joinder of the remedies *in rem* and *in personam*, whoever the person may be, and pursuing them in one libel as one suit.

The case is analagous to that of a debt arising out of the personal

obligation of the debtor, and secured by a pledge or mortgage of specific property. In modern procedure, at least, the remedy against the person and the property is had in one suit, wherein there is first a judgment establishing the debt against the debtor and the liability of the property, and that the latter be sold to satisfy the debt, and that the remainder of the judgment, if any, be enforced against the defendant personally.

But whatever might have been the correct practice before the adoption of the admiralty rules by the supreme court, (January term, 1845,) I think that the fifteenth of these rules, fairly construed, does prohibit the joinder of the proceeding for collision against the vessel and the owner, when it provides that the libellant may proceed against the ship *and* master or the ship alone, *or* against the master *or* owner alone. As Judge Conkling (2 Conk. Adm. 43) says: "Such would seem to be the reasonable and sound view of the subject." In 2 Par. S. & A. 378, it is said that under the rule "no suit will lie against an owner *in personam* jointly with a suit *in rem* against the vessel." In *Newell* v. *Norton et Ship*, 3 Wall. 257, it appears to have been so held in the district and circuit courts for Louisiana and practically affirmed in the supreme court, although Mr. Justice Grier, in delivering the opinion of the court, (page 266,) is erroneously made to say that a libel *in rem* and *in personam* against the owner was in conformity with admiralty rule 15, and therefore an objection in the lower courts that such libels "cannot be joined was properly overruled," when in fact it was sustained and the libel dismissed as to the owner, and the ruling affirmed in the supreme court.

In *The Richard Doane*, 2 Ben. 111, (1868,) it was held by Mr. Justice Blatchford that admiralty 15 excludes any other mode of procedure, in suits for damage by collision, than that specified in and allowed by the rule; and that therefore a suit for a collision cannot be maintained against a vessel *in rem* and her owner *in personam* unless her owner is also master. To the same effect is the ruling in *The Zodiac*, 5 Fed. Rep. 223, and *The Sabine*, 101 U. S. 386. So far this exception has been considered on the theory that this is a case of damage by collision within the purview of rule 15, and that the libellant has a lien for the claim, and may therefore sue *in rem* or *in personam*, and upon this assumption it was argued by counsel. But is this true? The claim of the libellant is to recover damages under section 367 of the Civil Code for the death of a human being, caused, it is alleged, by the misconduct of the owner of the Chief.

By rule 16 a suit for a direct injury to the person—an assault or

beating—within the admiralty jurisdiction must be *in personam.* The case of a death resulting from such injury or the negligence of another is not provided for in the rules. In *The Sea Gull,* Chase's Dec. 146, which was a suit *in rem* by a husband for the death of his wife, a stewardess on the Leary, caused by a collision with the Sea Gull, it was held that the remedy might be *in rem* as well as *in personam,* upon the ground that, in principle, there is no distinction in this respect between wrong to *persons* and *things.* But in *The Highland Light,* Id. 151, which was a suit *in rem* by the widow for the death of her husband, employed at the time as a "hand" on the Light, caused by the collapsing of her steam chimney, it was held that under section 30 of the steam-boat act of 1852, (10 St. 72,) since section 43 of the act of 1871, (16 St. 445,) now section 4493, Rev. St., that the remedy *in rem* for an injury caused by a neglect to comply with the law governing the navigation of steam-vessels was confined to passengers, and therefore persons employed thereon and injured in consequence of such neglect were limited to the remedy *in personam.*

This case apparently comes within that ruling, as the deceased was employed on the Chief and lost his life, as is alleged, by the neglect of the master to obey the rules governing the navigation of said vessel in passing the Oregon. A collision and his death was the consequence of this neglect.

As to the second and third exceptions they are disallowed. It does not appear from the libel, as assumed by the latter, that the deceased was aware of the alleged incompetence of the master; and, if it did, it does not necessarily follow that such knowledge is a defence to the action.

And while it does appear that the deceased was in the service of the same person as the master, and engaged in the same general employment, it does not follow from this that he was a "fellow servant" of the master in that sense which would exonerate the common employer from liability for an injury to one of them caused by the negligence or misconduct of the other.

The deceased was merely the fireman on the Chief, and as such subject to the orders of the master. He was an inferior servant, injured by the misconduct of a superior one, for which injury there is much authority and more reason for holding the common employer liable. *Packet Co.* v. *McCue,* 17 Wall. 513; *Railway Co.* v. *Fort,* Id. 557; *Bera Stone Co.* v. *Craft,* 31 Ohio St. 289; *C. & N. W. Ry. Co.* v. *Morando,* 34 Am. Rep. 168; S. C. 93 Ill. 302; *Devany* v. *Vulcan Iron Works,* 4 Mo. Ap. Rep. 236; *Brabbits* v. *C. & N. W. Ry. Co.* 38

Mo. 289; *Gormly* v. *Vulcan Iron Works*, 61 Mo. 492; *The Chandos*, 4 FED. REP. 649.

Besides, it is alleged in the libel that the incompetence of the master was well known to the owner at the time of his employment, and, if this be the case, the owner is liable for an injury caused by such incompetence, even if the master and fireman were fellow servants in any sense. 2 Thomp. Neg. 970.

The defence sought to be made upon these exceptions can be made on the final hearing, on proper allegations and proof.

The fourth exception is disallowed.

The question raised by it was decided in this court in *Holmes v. O. & C. Ry. Co.* 5 FED. REP. 75, in which it was held that a marine tort is one that occurs on any navigable water of the United States, and that damages given by a state statute for such a tort may be recovered in the proper district court in admiralty.