JOICE *r.* CANAL-BOATS NOS. 1,758 AND 1,892.[1]

(*District Court, S. D. New York.* June 17, 1887.)

1. ADMIRALTY PRACTICE—RULES 15, 59—PROCEEDINGS IN REM—IN PERSONAM—WHEN JOINED.
   Under the fifty-ninth admiralty rule, the owner of a vessel which has been libeled *in rem,* for collision, may, by petition, bring into the suit, by process *in personam,* any other parties, who are not owners of the vessel libeled, alleged to be liable for the same collision. Rule 15, by implication, prohibits only the joinder in a collision cause of a vessel and *her* owners as co-defendants.

2. CASE STATED—VESSELS SUNK—WHARFINGER—CO-DEFENDANT.
   Where the libelant's vessel, in landing at a wharf, ran upon two vessels recently sunk, which he libeled for the collision, and the claimants of the vessel sued brought in the wharfinger as co-defendant, by petition under the fifty-ninth rule, alleging that he caused the vessels to be sunk by negligently mooring, and leaving them unprotected, and giving no notice of the danger, *held,* that the case was within the general scope of the fifty-ninth rule, and was not forbidden by the fifteenth rule, and a motion to set aside the process and service was denied.

In Admiralty. On motion to set aside additional process.
*Hyland & Zabriskie,* for libelant.
*Anderson & Howland,* for claimant.

BROWN, J. Upon the arrest of the two canal-boats named in the libel in a cause of collision, the libelant's vessel having run into the said boats in making her landing, as they lay concealed near a dock at Yonkers, the owners and claimants of the two sunken boats filed a petition, under the fifty-ninth supreme court rule in admiralty; alleging that Peene Bros. were the proprietors of the dock, and were the parties through whose negligence the boats were sunk, by mooring them improperly and leav-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

ing them unprotected, and that they gave no notice of the danger. Further process was thereupon issued against the wharfingers in person, upon which they were served and brought in as co-defendants. They now move to set aside the additional process, and the service thereof, on the ground that, in a cause of collision, under the fifteenth supreme court rule, proceedings *in rem* and *in personam* cannot be conjoined; and that the fifty-ninth rule, therefore, does not authorize personal defendants to be brought into a suit *in rem* such as this.

It is undoubtedly true that the construction that has been generally given by implication to the fifteenth supreme court rule in admiralty is that, in a suit for collision against a vessel, *her* owners cannot be joined as co-defendants, although the master may be joined. The construction is founded upon the maxim, *expressio unius est exclusio alterius*. The fifteenth rule, however, plainly has reference to the master and owners of the vessel sued. *The Richard Doane*, 2 Ben. 112; *The Clatsop Chief*, 8 Fed. Rep. 163; *The Atlantic*, Newb. Adm. 139, 156. No authorities have been cited where that rule has been actually applied as respects different vessels, or their owners, as co-defendants.

The subject of the fifty-ninth rule is wholly different. It refers exclusively to other vessels and other owners than the vessel sued, or *her* owners, who have been sued in the first instance. Its object is remedial. It should be liberally applied, therefore, to cases that clearly fall within its general scope and purpose. The supposed objections, on the other hand, to the union of proceedings *in rem* and *in personam* in the same action have not proved to be real in those many cases in which the union of both modes of proceeding has been long followed. The practice long adopted in this district has been that, except as clearly provided by the express rules of the supreme court, the district court has the power and right to regulate its practice as "the due administration of justice" shall seem to require. *The Hudson*, 15 Fed. Rep. 162, 175, 176; *The Zenobia*, Abb. Adm. 52; *The Monte A.*, 12 Fed. Rep. 336, 337; *Vaughan* v. *Six Hundred and Thirty Casks Sherry Wine*, 7 Ben. 506; 14 Blatchf. 517–519; *The J. F. Warner*, 22 Fed. Rep. 342; *The Director*, 26 Fed. Rep. 708, 711.

The practical convenience and advantages of this joinder in the administration of justice is often so great that it should, I think, be allowed, in circumstances like the present, when the court is free to permit it. The fifteenth rule should not, therefore, be extended by any supposed analogy merely, so as to restrict the benefits evidently designed by the fifty-ninth rule.

If the owners of another vessel, liable for the same collision, could not be made co-defendants, the practical usefulness of the fifty-ninth rule would often be seriously impaired, through the loss of the other vessel, or her absence from the forum, though the owners were present. When two vessels are in fault in causing damage to the libelant by collision, the fifteenth rule, I am satisfied, does not prohibit the filing of a libel against the one vessel *in rem* and against the owners of the other vessel *in personam*, although in the case of *The Hudson*, 15 Fed. Rep. 172, this was supposed to be its effect. The case is not provided for in the supreme

court rules, except under the fifty-ninth rule; and the general scope and purpose of that rule evidently require that such joinder should be allowed where the second vessel cannot be reached by process; or where, as in this case, the liability of others is *in personam* only. *The Hudson, supra.* The new rule has been frequently applied in this court, some of the cases being reported. *The City of Lincoln*, 25 Fed. Rep. 835, 836; *The E. H. Webster*, 22 Fed. Rep. 171. In *The Doris Eckhof, infra*, it was applied under circumstances quite analogous to the present.

The motion is therefore denied.