### THE CLAN GRAHAM.

(District Court, D. Oregon. May 13, 1907.)

No 4,817.

ADMIRALTY—PROCEDURE—JOINDER OF CLAIMS IN REM AND IN PERSONAM.

Under admiralty rule 46, the court may permit the joinder in an action in tort for a personal injury of a claim in rem against a vessel and one in personam against stevedores, although the latter are neither master nor owner of the vessel, where the injury is alleged to have resulted from the joint negligence of both, and the joinder will best subserve the ends of justice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, § 298.]

In Admiralty. On exception to libel.

Wm. M. La Force, Giltner & Sewall, and John Ditchburn, for libelant.

Wm. D. Fenton and A. M. Dibble, for Brown & McCabe.

WOLVERTON, District Judge. The libelee, Brown & McCabe, being a corporation and engaged in the business of stevedores, has excepted to the libel filed herein, on the ground that it improperly joins a suit in rem with one in personam. The suit is one in tort for the negligence of the libelees, whereby the libelant suffered injury to his person, for which he seeks to recover against both the vessel and Brown & McCabe; the latter being neither the master nor owner of the vessel.

By the admiralty rules adopted by the Supreme Court in 1845, from 12 to 20 inclusive, regulations are provided specifying in what of the instances therein noted the ship and master or owner shall be sued jointly, and in what they shall be proceeded against severally. These mentioned rules, however, have no application beyond the instances therein specified. In all other cases, not so provided for, the court is empowered, under rule 46, to regulate the practice in such manner as it may deem most expedient for the due administration of justice. The Director (D. C.) 26 Fed. 708. This was a suit upon a contract of affreightment and for breach thereof, whereof Judge Deady says:

"Whether brought against the master, owner, or vessel, there is no substantial difference, either in allegation, proof, or decree. The liability in either case grows out of the same facts, and the relief sought and obtainable is the same. The only difference is in the enforcement of the decree, and that is merely a difference in degree; the enforcement of the one given in the suit in rem being, in the nature of things, limited to the sale of the vessel proceeded against, while the one in the suit in personam may be enforced by an execution against the property of the defendant generally. This being so, every argument founded on convenience and economy is in favor of their joinder in one suit."

And so the joinder was sustained. The distinguished jurist refers to the case of The Clatsop Chief (D. C.) 8 Fed. 163, decided by himself, and from the opinion therein he makes the following quotation:

"My own impression of the matter is with Mr. Benedict, when he says [Ben. Adm. § 397] 'that whenever the libelant's cause of action gives him a lien or privilege against the thing, and a full personal right against the owner, then he may, by a libel properly framed, proceed against the person and the thing, and compel the owner to come in and to submit to the decree of the court against him personally in the same suit, for any possible deficiency.' It is a question simply of procedure, and should be determined mainly, if not altogether, upon considerations of fitness and convenience; and every argument drawn from this source is in favor of the joinder of the remedies in rem and in personam, whoever the person may be, and pursuing them in one libel, as one suit."

The observation is of general application, although in that case, being one of tort and governed by rule 15 relating to suits for damages by collision, the joinder was not permitted. In a later case in this court, namely, The City of Carlisle, 39 Fed. 807, 5 L. R. A. 52, the joinder against the ship and master was adjudged proper. That was also in tort, for negligence contributing to the injury of a member of the crew and for neglect and maltreatment of him after he was injured. Touching the cause, Judge Deady again says:

"The claim of the libelant, if established, is certainly a lien on the vessel; and a suit to enforce it may include a cause of suit against the master, arising out of the same facts."

And this by virtue of admiralty rule 46. See, also, The Zenobia, Fed. Cas. No. 18,208.

It will be noted that these are all cases against the ship and master or owner, and not against the ship and a person not the master or owner, jointly charged with the ship as being guilty of acts of negligence contributing to personal injury. Whether these can be joined is the exact question for determination. I have been cited to no case going

to the identical point. I find, however, that even in a case of collision, where the injury is the result of the negligent joint act of two vessels, both may be joined as libelees in one suit. The Washington and The Gregory, 9 Wall. (U. S.) 513, 19 L. Ed. 787. And, further, it is declared by Mr. Cole, in 1 Cyc. p. 848, that:

"There is no abstract incompatibility between proceedings in rem and proceedings in personam which forbids them to be joined in one action when based on the same cause, if such joinder is calculated to advance the ends of substantial justice."

Now, it would seem that the reasoning of Judge Deady, advanced in the case of The Director, supra, has as pertinent application here as there. The allegations as they relate to the ship and the defendant Brown & McCabe are, and must needs be, substantially the same, and the proofs and decree must also be essentially the same. The libel as it affects either arises from the same state of facts, and the relief obtainable is identical, except that the enforcement of the decree in one case will be against the ship, or the thing, while in the other it will be against the person, and execution will be satisfied generally out of the property of that defendant. I see, therefore, no reason why, in permitting the joinder, justice would not be as well subserved in the one case as in the other. Such joinder is not prohibited by the rules; and, parties guilty of a joint tort being liable either jointly or severally, the practice would be no innovation of the general rule obtaining at law. By analogy I am constrained to the opinion that both expediency and justice warrant its application in admiralty also.

The exception will accordingly be overruled.