THE HENRY B. SMITH.

(District Court, W. D. New York. March 30, 1912.)

ADMIRALTY (§ 1*)—RIGHT OF ACTION FOR PERSONAL INJURIES—SUIT IN REM— EFFECT OF STATE STATUTE.

A right of action for the recovery of damages for personal injuries not resulting in death, arising out of a maritime tort, depends upon the maritime law, which cannot be enlarged by a state statute to give a right of action in rem.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 1–17; Dec. Dig. § 1.*.

Jurisdiction in admiralty of torts, see note to Campbell v. H. Hackfeld & Co., 62 C. C. A. 279.]

In Admiralty. Suit by John F. Carberry against the steamer Henry B. Smith; the Acme Transit Company, claimant. On exceptions to libel. Exceptions sustained.

Hamilton Ward, for libelant.

Goulder, Day, White, Garry & Duncan, for respondent.

HAZEL, District Judge. The maritime law, which the libelant invokes, cannot be altered, modified, or changed by state enactment. The right of action arising out of maritime tort, relating to the recovery of damages for personal injuries, depends upon the maritime law, which has been adopted by the laws and usages of the country. The Lottawanna, 21 Wall. 588, 22 L. Ed. 654. There is, moreover, no maritime lien by the statutes of this state to support this proceeding in rem, and I am constrained to hold that in an action for personal injuries the Employer's Liability Act of the state has no application. Rights of action in admiralty are sui generis, and controlled by the maritime law, save in case of death, wherein the states, by legislative enactments, have created liens and rights of action which are not inconsistent with the maritime law.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Trauffler v. D. & C. Navigation Co. (D. C.) 181 Fed. 256, a proceeding in rem to recover damages by virtue of the state statutes for death, this court said that by analogy a master who has sole charge of the navigation of a tug "peculiarly exercises the principal duties of superintendence," and it was therefore held in that case that the master's negligence was attributable to the tug. In support of the analogy the court cited The Hamilton, 146 Fed. 724, 77 C. C. A. 150, affirmed 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264. But there is no case which goes so far as to hold that the Legislature of the state may modify, alter, or change the maritime law to the extent of enforcing a statute relating to proceedings in rem for personal injuries; and in the absence of controlling precedent I am disinclined to enlarge or expand the principles by which maritime torts are governed.

The exceptions are sustained.