## THE SAMSON.

(District Court, D. Oregon. July 15, 1912.)

No. 5,420.

ADMIRALTY (§ 30*)—PROCEDURE—JOINDER IN COLLISION SUIT.

Under admiralty rule 46 (29 Sup. Ct. xliv), which authorizes the courts in cases not expressly provided for to regulate their practice "in such manner as they shall deem most expedient for the due administration of justice," an admiralty court may permit a suit for collision, where two vessels are charged with liability, to be maintained against one in rem and against the owner of the other in personam.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 298–300; Dec. Dig. § 30.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Admiralty. Suit for collision by the Shaver Transportation Company against the steamer Samson; Columbia Contract Company, claimant. And supplemental libel against the Standard Oil Company as owner of Oil Barge No. 93. On motion to strike supplemental libel from files. Overruled.

Wood, Montague & Hunt, of Portland, Or., for libelants.
Snow & McCamant, of Portland, Or., for respondent.

BEAN, District Judge. In July, 1911, the steamer Henderson, while towing Oil Barge No. 93 belonging to the Standard Oil Company, was wrecked in a collision on the Columbia river with the steamer Samson having in tow three barges belonging to the Columbia Contract Company. The owner of the Henderson libeled the Samson and her barges in rem to recover damages for the collision, and subsequently filed a supplemental libel in personam against the Standard Oil Company, the owner of Barge 93, on the ground that such barge was also at fault. The latter company moves to take the supplemental libel from the files on the ground that it cannot properly be sued jointly with the Samson.

Passing the technical question whether the oil company should be made a party, if at all, by an amended or supplemental libel, the real question for decision is whether, in case of a joint liability of two or more vessels for a collision, a joint action can be maintained against one in rem and against the owner of the other in personam. There is but little direct authority on the point.

Admiralty rules Nos. 12 to 20 (29 Sup. Ct. xl, xli), inclusive, regulate the practice in specific instances, but not in a case like the one under consideration. In cases not so provided the court is authorized by rule 46 (29 Sup. Ct. xliv) to regulate the practice in such a manner as it may deem most expedient for the due administration of justice; hence an action on a contract of affreightment may be brought against a vessel in rem, and the owner in ᵖersonam. The Director (D. C.) 26 Fed. 708. So also an action for tort may be maintained against an offending vessel in rem and against a joint tort-feasor in personam. The Clan Graham (D. C.) 153 Fed. 977. The reasoning upon which these decisions are based support the right of joinder in the case now in hand. There is no such incompatibility between proceedings in rem against one vessel and in personam against the owners of another, when both are jointly liable for the collision, as will prevent their joinder. On the other hand, it is calculated to advance the ends of substantial justice. A suit to recover damages for a collision cannot, under rule 15 (29 Sup. Ct. xl), properly be brought against a vessel in rem and her owner in personam. The Corsair, 145 U. S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727. But this rule has no reference to an action against one vessel in rem and the owner of another in personam. Judge Longear, in The Young America, Fed. Cas. No. 18,178, was of the opinion that a joint action in such a case could not be maintained, but in view of rule 46, as interpreted by this court, the liberality of the admiralty procedure, its purpose to avoid a multiplicity of suits and to determine the entire controversy in one proceeding where it can be

done without injury to the rights of either party, I am constrained to believe that the better doctrine is that stated by that eminent admiralty lawyer, Judge Brown of the Southern District of New York, in Joice v. Canal Boats (D. C.) 32 Fed. 553:

"When two vessels are in fault in causing damage to the libelant by collision, the fifteenth rule, I am satisfied, does not prohibit the filing of a libel against the one vessel in rem and against the owner of the other vessel in personam, although in the case of The Hudson (D. C.) 15 Fed. 172, this was supposed to be its effect. The case is not provided for in the Supreme Court rules except under the fifty-ninth rule (29 Sup. Ct. xlv), and the general scope and purpose of that rule evidently requires that such joinder should be allowed where the second vessel cannot be reached by process; or where, as in this case, the liability of others is in personam only."

The question is one of procedure and should be determined by considerations of economy, fitness, and convenience, and every argument drawn from this source is in favor of the joinder.

The motion will therefore be overruled, and the oil company allowed 20 days in which to plead further.