The result is that I fix the allowance to the trustees' attorneys at $51,000

---

THE ST. DAVID.

(District Court, W. D. Washington, N. D. December 26, 1913.)

No. 2,135.

1. ADMIRALTY (§ 20*)—JURISDICTION—MARITIME TORTS.

An action by an employé against a stevedoring company to recover for a personal injury received while loading or discharging a vessel, through the alleged negligence of the company, is not maritime and not within the admiralty jurisdiction.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 216, 225, 231; Dec. Dig. § 20.*]

2. ADMIRALTY (§ 37*)—JURISDICTION—JOINDER OF SUITS IN REM AND IN PERSONAM.

A cause of action in rem against a vessel for injury to a stevedore and one in personam against the owner for the same injury may be joined in a single suit in admiralty.

[Ed Note.—For other cases, see Admiralty, Cent. Dig. §§ 335, 336; Dec. Dig. § 37.*]

3. ADMIRALTY (§ 1*)—JURISDICTION.

In exercising its constitutional jurisdiction a court of admiralty has no power to include a cause of action not within the maritime and admiralty jurisdiction on the ground of convenience.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 1–17; Dec. Dig. § 1.*]

In Admiralty. Suit by Patrick McNiel against the barge St. David, the Coastwise Steamship & Barge Company, Incorporated, and the Griffiths & Sprague Stevedoring Company. On exceptions to amended libel. Sustained as to the Stevedoring Company, and overruled as to the other respondents.

James C. McKnight, of Seattle, Wash., for libelant.

Trefethen & Grinstead, of Seattle, Wash., for respondent and claimant.

CUSHMAN, District Judge. This matter is before the court upon exceptions to the amended libel; it being claimed, under the exceptions, that the cause of action is not one in admiralty, and that therefore the court is without jurisdiction. Further, it is claimed that the Washington Compensation Act for injured workmen has superseded any action that could be maintained in admiralty.

The libel is one in rem against the barge St. David, and in personam against the Coastwise Steamship & Barge Co., Incorporated, a corpo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ration, claimant, owner of the said barge, and in personam against the Griffiths & Sprague Stevedoring Company, a corporation, libelant's employer.

Libelant is a citizen of the United States, and a resident of Seattle, King county, Wash. The barge St. David is a vessel of the United States. The respondent corporations are both corporations of the state of Washington.

The libel further alleges that libelant was injured by falling through an open, unlighted, and unguarded hatchway, alleged to have been in that condition through the negligence of the vessel and the respondent corporations.

Libelant relies upon the following authorities: Benedict on Admiralty (4th Ed.) §§ 16, 207, 132; 1 Cyc. 833; 1 Am. & Eng. Encyc. (2d Ed.) 663; Workman v. New York City et al., 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314; section 1184, Rem. & Bal. Code; section 1182, Rem. & Bal. Code; West v. Martin, 47 Wash. 417, 92 Pac. 334; Benedict on Admiralty, §§ 127, 131, 128, 35; Thompson v. Fred E. Sanders, 208 Fed. 724, decided by Judge Neterer, October, 1913; Report of Atty. Gen. for 1911–12, at page 155.

The respondent and claimant rely upon the following authorities: De Lovio v. Boit, 7 Fed. Cas. 418; Hughes on Admiralty, p. 16; Campbell v. Hackfeld, 125 Fed. 696, 62 C. C. A. 279; Benedict on Admiralty (3d Ed.) § 308; The Blackheath, 195 U. S. 361, 25 Sup. Ct. 46, 49 L. Ed. 236; Wharton on Conflict of Laws (3d Ed.) p. 1098; The Lamington (D. C.) 87 Fed. 752; Smith v. Condry, 1 How. 29, 11 L. Ed. 35; The Egyptian Monarch, 36 Fed. (D. C.) 773; Ill. Cent. R. R. Co. v. Ihlenberg, 75 Fed. 873, 21 C. C. A. 546, 34 L. R. A. 393; N. P. R. R. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Louisville & N. R. Co. v. Whitlow's Adm'r, 105 Ky. 1, 43 S. W. 711, 41 L. R. A. 614; Clark v. Russell, 38 C. C. A. 541, 97 Fed. 900; Texas & Pac. Ry. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; Bridger v. Railway Co., 27 S. C. 456, 3 S. E. 860, 13 Am. St. Rep. 653; Workman v. Mayor, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314; O'Keefe v. Staples Coal Co. (D. C.) 201 Fed. 131; United States v. Port of Portland (D. C.) 147 Fed. 865; •City of Boston v. Crowley (C. C.) 38 Fed. 202; Greenwood v. Town of Westport (D. C.) 60 Fed. 560; The Alaska, 130 U. S. 201, 9 Sup. Ct. 461, 32 L. Ed. 923; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358; Rundell v. La Compagnie Co., 100 Fed. 655, 40 C. C. A. 625; Monongahela River, etc., Co. v. Schinnerer, 196 Fed. 375, 117 C. C. A. 193; The City of Norwalk (D. C.) 55 Fed. 98; Robinson v. D. & C. Nav. Co., 73 Fed. 883, 20 C. C. A. 86; Ex parte McNiel, 13 Wall. 236, 20 L. Ed. 624; Steamboat Co. v. Chace, 16 Wall. 522, 21 L. Ed. 369; The Garland (D. C.) 5 Fed. 924; The General Foy (D. C.) 175 Fed. 590; The Willamette (D. C.) 59 Fed. 797; The Corsair, 145 U. S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727; The J. E. Rumbell, 148 U. S. 1, 13 Sup. Ct. 498, 37 L. Ed. 345; Sherlock v. Alling, 93 U. S. 99, 23 L. Ed. 819; Perry v. Haines, 191 U. S. 17, 24 Sup. Ct. 8, 48 L. Ed. 73; The Electron, 74 Fed. 689, 21 C. C. A. 12; Rodd v. Heartt, 88 U. S. (21 Wall.) 558, 22 L. Ed. 654; The Glide, 167 U. S. 606, 17 Sup. Ct. 930, 42 L. Ed.

296; Crimmins v. Booth, 202 Mass. 17, 88 N. E. 449, 132 Am. St. Rep. 468; The Henry B. Smith (D. C.) 195 Fed. 312.

[1] So far as libelant's employer, the Griffiths & Sprague Stevedoring Company, is concerned, this court, sitting as a court of admiralty, is without jurisdiction to determine the question of respondent's negligence, for its alleged tort is not of a maritime character. Campbell v. Hackfeld, 125 Fed. 696, 62 C. C. A. 274. This decision of the Court of Appeals of the Ninth Circuit has been criticised by the District Court of Maryland, in the case of Imbrovek v. Hamburg-American Packett Co., 190 Fed. 229, which decision was affirmed by the Circuit Court of Appeals of the Fourth Circuit. 193 Fed. 1019, 113 C. C. A. 398. But has been cited with apparent approval by the District Court of Maine, in The James T. Furber, 129 Fed. 808, and The Mary F. Chisholm, 129 Fed. 814; and by the Supreme Court in The Blackheath, 195 U. S. 361, at page 367, 25 Sup. Ct. 46, 49 L. Ed. 236.

In The Clan Graham, 153 Fed. 977, the District Court of Oregon sustained a libel in rem against the offending vessel, joined with one in personam against a stevedoring company, for an injury to a longshoreman. In this case the court does not mention the case of Campbell v. Hackfeld.

[2] It is apparent, from an examination of the decision, that the only question presented to the court in the case of The Clan Graham was that of the propriety of joining a cause in personam and one in rem, and that its attention was not directed to the question of whether negligence of the stevedoring company, resulting in injury to a longshoreman, was a maritime tort. The exceptions are therefore sustained as to the Griffiths & Sprague Stevedoring Company. They are overruled, so far as the barge and claimant thereto are concerned, upon the authority of The Sailing Schooner Fred E. Sanders, 208 Fed. 724, decided in October of this year by Judge Neterer, of this district.

[3] It has been contended that the court, having jurisdiction of the cause against the barge and claimant, should exercise jurisdiction over the stevedoring company, whose negligence is alleged to have concurred with that of the barge and its claimant in causing the injury. This argument, while persuasive, is purely one of convenience and cannot enlarge the court's powers. The constitutional grant of jurisdiction to courts of admiralty embraces "all cases of admiralty and maritime jurisdiction." Article 3, § 2. But, while the court's jurisdiction is over all such cases, in exercising such jurisdiction, it has no power or authority to include causes not within the maritime and admiralty jurisdiction, however convenient it might be.