## SLEPSKI v. DRAVO CORP.
### No. 159.

United States District Court
W. D. Pennsylvania.
April 30, 1951.

90

Hymen Schlesinger, Pittsburgh, Pa., for libellant.

Bruce R. Martin and John R. Bredin (of Dalzell, McFall, Pringle & Bredin), Pittsburgh, Pa., for respondent.

MARSH, District Judge.

In this case libellant was injured on November 14, 1946, and filed his libel in Admiralty on November 14, 1949. Respondent filed exceptions setting forth laches and estoppel as grounds for dismissal. A hearing was held and testimony taken to give libellant an opportunity, prior to trial, to prove facts which excuse his delay.

The libellant alleges that on November 14, 1946, he was thrown from his tow boat, the "Alrisa," into the Monongahela River as the result of a collision between the "Alrisa" and the respondent's tow boat, the "Sam Craig." He further alleges that he was taken aboard the respondent's tow boat and later was put ashore at an uninhabited point on the river bank where, for about two hours, he was exposed to the elements. As a result of said exposure and the lack of medical attention and care his injuries were aggravated and he has suffered severe illness since the accident. He testified that he had been in good health before the accident and was able to carry on in his occupation, which required skill, intelligence and a mature sense of responsibility. He further testified that since the accident his memory has been blank now and then; he has taken treatments, injections and pills prescribed by his family doctor; and that his nerves are "reversed" and "out of commission." He claims that his condition is the result of the exposure experienced by him during and after the accident.

The libellant has received the services of three doctors since the accident. He has not been hospitalized more than twelve days at any one time and has not been in the hospital more than two or three times. It appears that he presently owns two boats

and is building another one. Although he cannot pilot or ride in his boats since the accident, he has been able to supervise his business. It further appears that following the accident, libellant filed a libel for the damages to his tow boat, the "Alrisa." The case was tried before the Honorable Robert M. Gibson on March 8, 1948, and the record, which was offered in evidence in the instant case, discloses that libellant was represented by counsel and testified at the trial of that case. The Alrisa, D.C., 76 F.Supp. 721. These factors indicate that libellant. has been physically able to bring this action within the statutory period and also had the advice of competent legal counsel. His excuse for not bringing this action before November 14, 1949, is that his illness was not diagnosed as stemming from the accident until October, 1949, when Dr. Eskey told him that the shock and exposure suffered in the accident on November 14, 1946, caused the injury to his nerves. No reason was offered as to why the doctors had not sooner connected the illness with the accident.

The Pennsylvania statute of limitations is two years.[1] In Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 1934, 73 F.2d 200, at page 203, the court stated: "The law is well settled that, in the absence of a showing of such 'exceptional circumstances,' a court of admiralty, in determining the question of laches, will be governed, 'by analogy,' by the state statute of limitations covering actions of the nature disclosed by the libel."

In Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690, 693, it was stated: "The analogy to the statute of limitations, however, is only an analogy and not a rule. Pan-American Trading Co. v. Franquiz, D.C.S.D.Fla.1925, 8 F.2d 500. 'Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay. Its existence depends upon the equities of the case, and not merely upon the lapse of time.' United States v. Alex Dussel Iron Works, Inc., 5 Cir., 1929, 31 F.2d 535, 536."[2]

The libellant failed to show exceptional circumstances which would in equity excuse his delay in instituting suit. It is inconceivable that his illness which followed directly upon the accident could not have been medically attributed thereto promptly.

█ Inexcusable delay, the first element of laches, is established; also, the delay beyond the analogous statutory period gives rise to a presumption of prejudice to the respondent, which is the second element of laches. Redman v. United States, 2 Cir., 1949, 176 F.2d 713. The burden is upon the libellant to overcome this presumption by competent evidence. This he did not do. At the hearing libellant's counsel argued that respondent should show that it has been prejudiced by the delay. Since the predicament was created by libellant. it is not unreasonable to expect him to shoulder the difficult task of extricating himself. It is probable that after three years the details of the accident have faded in the memories of the witnesses to the collision and events following it. Libellant did not show that these witnesses are now available. See Kane v. Union of Soviet Socialist Republics, D.C.E.D.Pa.1950, 89 F.Supp. 435. The second element of laches is thus established and the exception charging laches is sustained.

██ The second exception to the libel is that on December 26, 1946, at No. 101 in Admiralty, the libellant filed his libel for collision and damages arising from substantially the same factual situation as alleged in the present action. As previously stated, the case was tried on March 8, 1948, and resulted in a verdict of divided liability. A decree was entered against the respondent for divided damages which the respondent paid in full. By reason of this prior action, the respondent contends that the libellant is estopped and barred in the action now before this court. The court is

---

1. Act of 1895, P.L. 236, 12 P.S. § 34.

2. It is not inapposite to note that the situation concerning prejudice to the respondent in the instant case differs from the situation arising in a delayed claim for maintenance and cure as in the Loverich case.

of the opinion that this exception also is well taken. The general rule that a judgment on the merits in a former suit between the same parties in the same cause of action by a court of competent jurisdiction operates as an estoppel, not only as to every matter tried in the former suit, but as to every other matter which with propriety might have been litigated and determined in that action, applies to proceedings in admiralty courts. Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 1944, 141 F.2d 396. Although the prior action by the libellant was an action in rem, the respondents herein appeared and defended. The parties in both actions are the same and the events growing out of the accident and immediately subsequent thereto, which resulted in personal injuries to the libellant, are the same and might have been pleaded and proved in the former action. See Admiralty Rule 14, 28 U.S.C.; Baltimore Steamship Co. v. Phillips, 1926, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; The St. David, D.C.1913, 209 F. 985; 1 C.J.S., Actions § 102. Therefore, the second exception to the libel is also sustained. The libel will be dismissed.